**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| OPTIMORPHIX, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 5-23-cv-00134 |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| BROADCOM, INC., | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT BROADCOM INC.'S MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT ..................................1

II.   STATEMENT OF RELEVANT FACTS ........................................................................2

    A.   OptiMorphix's Venue and Registered Agent Allegations ..................................2

    B.   OptiMorphix's Direct Infringement Allegations ................................................3

    C.   OptiMorphix's Willful and Indirect Infringement
       Allegations .........................................................................................................3

III.   LEGAL STANDARDS ................................................................................................4

    A.   Venue in Patent Cases .........................................................................................4

    B.   Service of Process Under Rule 4 .........................................................................5

    C.   Failure to State a Claim Under Rule 12(b)(6)......................................................6

    D.   Pleading Direct Infringement...............................................................................7

    E.   Pleading Willful Infringement .............................................................................7

    F.   Pleading Induced Infringement............................................................................9

IV.   ARGUMENT................................................................................................................9

    A.   Venue Is Improper in the Eastern District of Texas for
       Broadcom Inc....................................................................................................9

    B.   Insufficient Service of Process on Broadcom Inc............................................12

    C.   OptiMorphix's Direct Infringement Claims Should be
       Dismissed......................................................................................................14

    D.   OptiMorphix's Pre-Suit Willful Infringement Claims
       Should be Dismissed.....................................................................................14

    E.   OptiMorphix's Pre-Suit Indirect Infringement Claims
       Should be Dismissed.....................................................................................19

V.   CONCLUSION............................................................................................................20

**<u>TABLE OF AUTHORITIES</u>**

<u>Page</u>

**Cases**

*Anascape, Ltd. v. Microsoft Corp.*,
 No. 9:06-CV-158, 2008 WL 7182476 (E.D. Tex. Apr. 25, 2008)...........................................16

*Andra Grp., LP v. Victoria's Secret Stores*,
 L.L.C., 6 F.4th 1283 (Fed. Cir. 2021)...................................................................................10

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
 No. 2:21-CV-00172-JRG, 2022 WL 610796 (E.D. Tex. Jan. 24, 2022) ...........................8, 15

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..............................................................................................................7

*B/E Aerospace, Inc. v. Zodiac Aerospace*,
 No. 2:16-CV-01417-JRG-RSP, 2018 WL 7140299 (E.D. Tex. Nov. 30, 2018) ....................11

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).............................................................................................................7

*BillJCo, LLC v. Apple Inc.*,
 583 F. Supp. 3d 769 (W.D. Tex. 2022)...................................................................8, 9, 18, 19

*Blue Spike, LLC v. ASUS Computer Int'l, Inc.*,
 No. 6:16-CV-1384-RWS-KNM, 2018 WL 3301705 (E.D. Tex. Feb. 20, 2018) ...................13

*BMC Resources, Inc. v. Paymentech, L.P.*,
 498 F.3d 1373 (Fed. Cir. 2007)...........................................................................................14

*Bowlby v. City of Aberdeen, Miss.*,
 681 F.3d 215 (5th Cir. 2012) ................................................................................................6

*Cannon Manufacturing Co. v. Cudahy Packing Co.*,
 267 U.S. 333 (1925)...........................................................................................................11

*Carter v. EZ Flo Int'l*,
 No. 6:22-CV-00094-JDK, 2022 WL 17541407 (E.D. Tex. Sept. 2, 2022) .............................6

*Carter v. Target Corp.*,
 541 F. App'x 413 (5th Cir. 2013) ....................................................................................6, 17

*Corydoras Techs., LLC v. Apple Inc.*,
 No. 2:16-CV-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016)..........................9, 19

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017).................................................................5, 10, 12

*Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
  653 F. Supp. 3d 359 (S.D. Tex. 2023) ...............................................................6, 17

*Dynamic Data Technologies v. Google LLC*,
  No. 19-1529-CFC, 2020 WL 1285852 (D. Del. Mar. 18, 2020) ............................16

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018).........................11

*Finjan, Inc. v. Juniper Networks, Inc.*,
  No. C 17-05659 WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018)....................................18

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
  No. 2:16-CV-0134-JRG-RSP, 2017 WL 970383 (E.D. Tex. Mar. 1, 2017) ...........................7

*Joy Technologies, Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993).................................................................14

*Kreimerman v. Casa Veerkamp, S.A. de C.V.*,
  22 F.3d 634 (5th Cir. 1994) ...............................................................6, 13

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) .............................................................6, 17

*Luminati Networks Ltd. v. UAB Tesonet*,
  No. 2:18-CV-00299-JRG, 2019 WL 8331455 (E.D. Tex. Aug. 23, 2019)...............................5

*Macrosolve, Inc. v. Antenna Software, Inc.*,
  No. 6:11-CV-287, 2012 WL 12903085 (E.D. Tex. Mar. 16, 2012) .......................................13

*Maxell Ltd. v. Apple Inc.*,
  No. 5:19-CV-00036-RWS, 2019 WL 7905455 (E.D. Tex. Oct. 23, 2019) ...............8, 9, 18, 19

*Metacluster LT, UAB v. Bright Data Ltd.*,
  No. 2:22-CV-011-JRG-RSP, 2022 WL 18859434 (E.D. Tex. Dec. 20, 2022).......................17

*Network Sys. Tech., LLC v. Tex. Instruments Inc.*,
  No. 2:22-CV-00482-RWS, Dkt. 95 ............................................8, 9, 15, 16, 18, 19

*NXP USA Inc. v. MediaTek Inc.*,
  No. 2:21-CV-00318-JRG, 2022 WL 799071 (E.D. Tex. Mar. 15, 2022)...........................8, 15

# TABLE OF AUTHORITIES
(continued)

Page

*Opticurrent, LLC v. Power Integrations, Inc.*,
  No. 2:16-CV-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016)..............................7, 14

*Parallel Network Licensing LLC v. Arrow Elecs., Inc.*,
  No. 4:21-CV-00714, 2022 WL 1597364 (E.D. Tex. May 19, 2022) ..................4, 5, 9, 10, 12

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
  330 F. Supp. 3d 574 (D. Mass. 2018) ....................................................................................18

*Soverain IP, LLC v. AT&T, Inc.*,
  No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017)..............11, 12

*State Industries, Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985)..........................................................................................7, 14

*Stragent, LLC v. BMW of N. Am., LLC*,
  No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017)......................19

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
  581 U.S. 258, 137 S. Ct. 1514 (2017)......................................................................................5

*Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*,
  No. 2:13-cv-44, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) .........................................9, 19

*Westport Fuel Sys. Canada, Inc. v. Ford Motor Co.*,
  No. 2:21-CV-00453-RWS-RSP, 2022 WL 17734410 (E.D. Tex. Sept. 12,
  2022) ......................................................................................................................................10

*In re ZTE (USA), Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018)................................................................................................4

**Statutes**

28 U.S.C. § 1400(b) ....................................................................................................5, 9, 10, 12

35 U.S.C. § 271 ..................................................................................................................14

35 U.S.C. § 271(a) ...............................................................................................................7

35 U.S.C. § 271(b) ...............................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 4...............................................................................................................5, 13

**TABLE OF AUTHORITIES**
(continued)

<u>Page</u>

Fed. R. Civ. P. 4(h) .............................................................................................12, 13

Fed. R. Civ. P. 12(b)(3).................................................................................1, 4, 12, 20

Fed. R. Civ. P. 12(b)(5).................................................................................1, 5, 6, 20

Fed. R. Civ. P. 12(b)(6)..........................................................................1, 6, 7, 15, 18, 20

Broadcom Inc. ("Broadcom") respectfully moves the Court to dismiss Plaintiff OptiMorphix, Inc.'s ("OptiMorphix") Complaint (Dkt. 1) for both improper venue under Fed. R. Civ. P. 12(b)(3) and insufficient service of process under Fed. R. Civ. P. 12(b)(5). Additionally, pursuant to Fed. R. Civ. P. 12(b)(6), Broadcom respectfully moves the Court for an order dismissing OptiMorphix's claims of direct infringement, pre-suit willful infringement, and pre-suit indirect infringement for failure to state a claim upon which relief may be granted.

## I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT

In the present case, Plaintiff OptiMorphix, Inc. ("OptiMorphix") alleges that Broadcom infringes five different U.S. patents: U.S. Patent Nos. 7,024,460 (the "'460 patent"); 7,031,314 (the "'314 patent"); 7,586,871 (the "'871 patent"); 8,429,169 (the "'169 patent"); and 9,167,021 (the "'021 patent") (collectively, the "Asserted Patents"). But OptiMorphix's claims in this Court against Broadcom have no legally sufficient procedural or factual bases.

Broadcom is incorporated in Delaware with its principal place of business in California. Broadcom is not registered nor licensed to do business in Texas and, relatedly, does not have any registered agent in Texas. Broadcom further does not have any established place of business in Texas—let alone in this District. Pursuant to the unique patent venue statute, venue is this District is thus improper with respect to Broadcom. OptiMorphix's allegation otherwise is incorrectly based on the place of business of a *subsidiary* of Broadcom. But as this Court and others have recognized, it is generally improper to treat the place of business of a subsidiary as the place of the business of the corporate parent for the purposes of the patent venue statute. And OptiMorphix's service of the Complaint on the registered agent of a subsidiary of Broadcom—as opposed to Broadcom itself—is legally insufficient for the same reason.[1]

---

[1] In view of, *inter alia*, OptiMorphix's allegations and attempted service of process via a

OptiMorphix's claims of direct infringement by Broadcom also fail as a matter of law and must be dismissed. Broadcom is a holding company, which serves as a direct and indirect parent company for its subsidiaries. As a holding company, Broadcom does not itself manufacture, sell, offer for sale, export, import, or otherwise distribute any Broadcom products—and thus necessarily cannot directly infringe any Asserted Patent. Further, OptiMorphix's claims of at least pre-suit willful infringement and pre-suit indirect infringement also must be dismissed, at a minimum, because OptiMorphix's Complaint does not sufficiently allege pre-suit knowledge by Broadcom of any of the Asserted Patents—a threshold requirement for both indirect and willful infringement.

## II.     STATEMENT OF RELEVANT FACTS

### A.     OptiMorphix's Venue and Registered Agent Allegations

In its Complaint, OptiMorphix alleges that "Broadcom is registered to do business in the State of Texas," has a "regular and established place of business at 5465 Legacy Drive, Plano, Texas 75024," and "may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, TX 78701." Dkt. 1, ¶¶ 9–10. But, in fact, Broadcom—a Delaware corporation—is *not* registered to do business in Texas, does *not* have any regular and established place of business in Texas, and does *not* have any registered agent in Texas. Declaration of Ryan D. Phillips ("Phillips Decl."), ¶¶ 2–4. Indeed, the public records of the State of Texas demonstrate that Broadcom Inc. is located in California, has no right to transact business in Texas, and has no registered agent in Texas. Ex. A. Moreover, it is, in fact, a *different entity*, CA, Inc.—a subsidiary of Broadcom,

_____

subsidiary of Broadcom, CA, Inc. (as opposed to Broadcom itself), prior to filing this Motion, counsel for Broadcom conferred with counsel for OptiMorphix and suggested OptiMorphix substitute that subsidiary for Broadcom—but OptiMorphix has failed to do so to-date.

which maintains is own independent structure separate from Broadcom Inc.—that has a place of business at 5465 Legacy Drive, Plano, Texas 75024, is registered to do business in Texas, and has as registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, TX 78701. Phillips Decl., ¶ 5; Ex. B; *see, e.g.*, Ex. C (CA, Inc. "Memorandum of Lease").

### B.  OptiMorphix's Direct Infringement Allegations

In its Complaint, OptiMorphix alleges that Broadcom "has directly infringed and continues to directly infringe" each of the Asserted Patents by "making, suing, offering for sale, and/or selling" certain respective products and technology. Dkt. 1, ¶¶ 66, 92, 115, 141, 166. But, in fact, Broadcom is a holding company—Broadcom does not make, use, offer to sell or sell, or import into the United States any Broadcom product or technology. Phillips Decl., ¶ 2.

### C.  OptiMorphix's Willful and Indirect Infringement Allegations

In its Complaint, OptiMorphix further alleges that "Broadcom is infringing [each Asserted Patent] in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate." Dkt. 1, ¶¶ 73, 100, 122, 148, 173. Additionally, OptiMorphix's Complaint alleges that "Broadcom also indirectly infringes" each Asserted Patent "by actively inducing infringement under 35 U.S.C. § 271(b)."[2] Dkt. 1, ¶¶ 70, 96, 119, 145, 170.

In support of these infringement claims, OptiMorphix's Complaint alleges "Broadcom has had knowledge of [each Asserted Patent] s*ince at least service of this Complaint or shortly thereafter*, and Broadcom knew of [each Asserted Patent] and knew of its infringement, including *by way of this lawsuit*." Dkt. 1, ¶¶ 71, 97, 120, 146, 171 (emphasis added).

---

[2] OptiMorphix's Complaint does not allege any contributory infringement of any Asserted Patent by Broadcom. *See generally* Dkt. 1.

OptiMorphix's Complaint is devoid of any allegation that Broadcom had both knowledge of any Asserted Patent and infringement thereof ***prior to*** the filing of the Complaint, however.

At most, OptiMorphix's Complaint alleges that each Asserted Patent is "well-known within the industry as demonstrated by multiple citations to [each Asserted Patent] in published patents and patent applications assigned to technology companies and academic institutions." Dkt. 1, ¶¶ 73, 100, 122, 148, 173. In particular, OptiMorphix's Complaint alleges each of the Asserted Patents has been cited in patents and patent applications assigned to companies such as Alphabet Inc., Qualcomm, Inc., and Microsoft Corporation. Dkt. 1, ¶¶ 24, 31, 38, 45, 53. With respect to one—and only one—Asserted Patent (the '314 Patent), OptiMorphix's Complaint alleges Broadcom in particular "has had knowledge of the '314 patent since at least August 19, 2010, when U.S. Patent Application No. 10/756,152, which is owned by Broadcom and cites the '314 patent as relevant prior art, was published." Dkt 1, ¶ 98. But, in fact, U.S. Patent Application No. 10/756,152 is not owned, and has never been owned, by Broadcom. Rather, the public prosecution records for that application—which are appropriate to consider at the pleadings stage—show that a ***different entity***, Foundry Networks, LLC, is "the assignee of the entire right, title, and interest in" U.S. Patent Application No. 10/756,152. Ex. D.

## III.   LEGAL STANDARDS

### A.   Venue in Patent Cases

"A party may challenge venue by asserting that venue is improper in a responsive pleading or by filing a motion." *Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 4:21-CV-00714, 2022 WL 1597364, at *1 (E.D. Tex. May 19, 2022) (citing Fed. R. Civ. P. 12(b)(3)). "[U]pon motion by the [d]efendant challenging venue in a patent case, the [p]laintiff bears the burden of establishing proper venue." *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013

(Fed. Cir. 2018). "A court may decide whether venue is proper based upon '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Parallel Network*, 2022 WL 1597364, at *1 (citation omitted).

Whether venue is proper in this case is governed by 28 U.S.C. § 1400(b), the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 137 S. Ct. 1514, 1519 (2017). "Under § 1400(b), a patent infringement case may only be brought in the judicial district where (1) the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business." *Parallel Network*, 2022 WL 1597364, at *2 (citing 28 U.S.C. § 1400(b)). Under the first prong of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1519. As to the second prong, the Federal Circuit has interpreted the "regular and established place of business" inquiry to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper." *Parallel Network*, 2022 WL 1597364, at *2.

### B.    Service of Process Under Rule 4

"In order for a court to exercise jurisdiction over a defendant, a plaintiff must serve that defendant with process according to Rule 4 of the Federal Rules of Civil Procedure." *Luminati Networks Ltd. v. UAB Tesonet*, No. 2:18-CV-00299-JRG, 2019 WL 8331455, at *2 (E.D. Tex. Aug. 23, 2019). "If a plaintiff fails to provide the defendant with the requisite service, the defendant can move to dismiss the case for insufficient service of process under [] Rule

12(b)(5)." *Id.* "In order to avoid dismissal once service is challenged, the plaintiff bears the burden of showing that service was valid." *Id.* "The court, in making a determination on the validity of service 'must look outside the complaint to determine what steps, if any, the plaintiff took to effect service.'" *Carter v. EZ Flo Int'l*, No. 6:22-CV-00094-JDK, 2022 WL 17541407, at *6 (E.D. Tex. Sept. 2, 2022), *report and recommendation adopted*, 2022 WL 17091857 (E.D. Tex. Nov. 21, 2022). And overall, a district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

### C.  Failure to State a Claim Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the Court must "accept[] all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). But "[i]f the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a document attached to the motion to dismiss that is central to the claim and referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true." *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) (citing *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013)); *see Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").

Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If they do not, the claim should be dismissed. *Id.*

### D.    Pleading Direct Infringement

"To state a claim for direct patent infringement, a plaintiff must plead facts that plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention, within the [U.S.] or imports into the [U.S.] any patented invention during the term of the patent.'" *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-0134-JRG-RSP, 2017 WL 970383, at *4 (E.D. Tex. Mar. 1, 2017) (quoting 35 U.S.C. § 271(a)), *report and recommendation adopted*, 2017 WL 1154921 (E.D. Tex. Mar. 28, 2017).

### E.    Pleading Willful Infringement

"To willfully infringe a patent, the patent must exist and one must have knowledge of it." *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). As such, "pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016). Indeed, a claim for willful infringement "requires a showing that (1) the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) the risk of infringement was either known or

so obvious that it should have been known to the accused infringer." *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905455, at *3 (E.D. Tex. Oct. 23, 2019). Thus, to state a claim for willful infringement "the complaint must adequately allege factual circumstances in which the patents-in-suit are called to the attention of the defendants." *Id.* at *5.

When ruling on a motion to dismiss, the sufficiency of ***pre-suit*** willful infringement allegations is appropriately considered separately from ***post-suit*** willful infringement claims. *Network Sys. Tech., LLC v. Tex. Instruments Inc.*, No. 2:22-CV-00482-RWS, Dkt. 95 (Ex. E), at 4–5 (E.D. Tex. Sept. 25, 2023) ("[C]onsidering pre-suit and post-suit allegations of knowledge and intent separately is consistent with recent decisions in this district, as well as the decisions of out-of-circuit courts."); *see, e.g.*, *Maxell*, 2019 WL 7905455, at *4–5; *see also BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 775–77 (W.D. Tex. 2022) (dismissing pre-suit willful infringement claims after evaluating pre- and post-suit allegations separately).

And where a plaintiff's allegations fail to plausibly allege a defendant had pre-suit knowledge of the patent-in-suit, dismissal of any claim for pre-suit willful infringement is appropriate. *See, e.g.*, *Network Sys.*, Dkt. 95, at 5–9 (granting motion to dismiss with respect to pre-suit willfulness claims); *Maxell*, 2019 WL 7905455, at *4–5 (same); *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-CV-00318-JRG, 2022 WL 799071, at *3 (E.D. Tex. Mar. 15, 2022) ("NXP has only alleged that Best Buy had knowledge of the Asserted Patents 'at least since the filing of this complaint.' … Therefore, NXP cannot plausibly maintain its claim for pre-suit willful infringement."); *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-00172-JRG, 2022 WL 610796, at *6-7 (E.D. Tex. Jan. 24, 2022) ("Arigna has only alleged that Nissan had knowledge of the '850 Patent "at least from the filing of [the] Complaint." … [T]he Court concludes that Arigna has failed to state a claim for pre-suit willful infringement.").

### F.      Pleading Induced Infringement

A defendant "cannot be held liable for induced infringement for conduct occurring prior to its knowledge of the patents-in-suit." *Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-cv-44, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014); *accord Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016) ("[A] patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having knowledge of the asserted patents.").

As such, and as with respect to willfulness, when ruling on a motion to dismiss, the sufficiency of ***pre-suit*** induced infringement allegations is appropriately considered separately from ***post-suit*** induced infringement claims. *Network Sys.*, Dkt. 95, at 4–5; *see, e.g.*, *Maxell*, 2019 WL 7905455, at *4–5; *BillJCo*, 583 F. Supp. 3d at 775–77 (dismissing pre-suit induced infringement claims after evaluating pre- and post-suit allegations separately). And where a plaintiff's allegations fail to plausibly allege a defendant had pre-suit knowledge of the patent-in-suit, dismissal of any claim for pre-suit induced infringement is appropriate. *See, e.g.*, *Network Sys.*, Dkt. 95, at 11 (granting motion to dismiss with respect to pre-suit induced infringement claims); *Maxell*, 2019 WL 7905455, at *4–5 (same); *see also Corydoras*, 2016 WL 9242435, at *2–3 ("Since there is no allegation pre-suit knowledge of the patents-in-suit, Corydoras's indirect infringement claims must be limited to post-filing conduct.").

## IV.      ARGUMENT

### A.      Venue Is Improper in the Eastern District of Texas for Broadcom Inc.

Venue in this District is improper for Broadcom because Broadcom does not reside in this District nor have any regular and established place of business in this District. *See* 28 U.S.C. § 1400(b); *Parallel Network*, 2022 WL 1597364, at *2.

The first option for venue under 28 U.S.C. § 1400(b)—the "resides" option—is not satisfied because Broadcom does not "reside" in this District. Rather, as OptiMorphix admits, "Broadcom is a Delaware corporation" (Dkt. 1, ¶ 9; *see* Phillips Decl., ¶ 2) and thus does not "reside" in Texas for the purpose of the patent venue statute. *Andra Grp., LP v. Victoria's Secret Stores*, L.L.C., 6 F.4th 1283, 1287 (Fed. Cir. 2021) ("Because each Defendant is incorporated in Delaware, no defendant 'resides' in Texas for the purpose of patent venue."); *Westport Fuel Sys. Canada, Inc. v. Ford Motor Co.*, No. 2:21-CV-00453-RWS-RSP, 2022 WL 17734410, at *1 (E.D. Tex. Sept. 12, 2022) ("Because MBUSA is incorporated in Delaware, MBUSA does not reside in Texas for the purposes of the patent venue statute.").

The second option for establishing venue under 28 U.S.C. § 1400(b) is also not satisfied here because, *inter alia*, Broadcom does not have a "regular and established place of business" in this District. *Cray*, 871 F.3d at 1360; *see id* at 1363 (requiring that the "regular and established place of business" must be "the place of the defendant"). Broadcom does not own or lease any real estate in this District, possess or control any physical place in this District, own or control shelf space in this District, or have any employees in this District. Phillips Decl., ¶ 3; *cf. Cray*, 871 F.3d at 1363 (noting "[r]elevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place").

And to be clear, the place of business allegedly located at "5465 Legacy Drive, Plano, Texas 75024" (according to the Complaint) is ***not*** a place of business of Broadcom, contrary to OptiMorphix's allegations. *See* Dkt. 1, ¶ 9. That office space is leased by a ***separate and distinct entity***, CA, Inc. Phillips Decl., ¶ 5; Ex. C (CA, Inc. "Memorandum of Lease"); *see Parallel Network*, 2022 WL 1597364, at *1 ("A court may decide whether venue is proper based upon … undisputed facts evidenced in the record[.]"). And generally speaking, "[f]or

purposes of venue, … the courts ordinarily will not treat the place of business of one corporation as the place of business of the other.'" *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018).

Here, there are no allegations—and, in fact, no grounds—to treat the place of business of CA, Inc. in Plano, Texas as that of Broadcom. CA, Inc. is a subsidiary of Broadcom. Phillips Decl., ¶ 5.  But for any "regular and established place of business" of its subsidiary to be imputed to Broadcom, the two entities "must lack formal corporate separateness, which is a difficult standard to meet." *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), *report and recommendation adopted*, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017). Indeed, the Supreme Court has "held that even if a parent corporation controls a subsidiary's operations and the companies share a unitary business purpose, the subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness." *Soverain*, 2017 WL 5126158, at *1 (citing *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334–35 (1925)).

Here, OptiMorphix's Complaint is devoid of any allegation that Broadcom and CA, Inc. lack corporate separateness. Moreover, the record facts demonstrate that CA, Inc. maintains is own independent structure separate from Broadcom. Phillips Decl., ¶ 5. *Cf. Soverain*, 2017 WL 5126158, at *1 (dismissing parent "holding company" for improper venue in view of "sworn declaration" that "corporate form has not been disregarded"); *see B/E Aerospace, Inc. v. Zodiac Aerospace*, No. 2:16-CV-01417-JRG-RSP, 2018 WL 7140299, at *5–6 (E.D. Tex. Nov. 30, 2018) (finding venue was improper as to a number of "Zodiac" defendants that were "separate from Zodiac Seats, the only defendant with a physical place of business in the district"), *report and recommendation adopted*, 2019 WL 354883 (E.D. Tex. Jan. 28, 2019). In view of these

record facts, any bald suggestion otherwise by OptiMorphix "would not be sufficient to treat the two corporations as one." *Soverain*, 2017 WL 5126158, at *1 (dismissing parent "holding company" for improper venue despite plaintiff's contention the parent and subsidiary "should be considered a single entity for purposes of venue").

OptiMorphix's allegation that Broadcom's "website" identifies an alleged "regular and established place of business" of Broadcom at its "Plano, Texas office" (Dkt. 1, ¶ 10) does not change this conclusion. Fundamentally, "a listing of a location on a website is not the equivalent of a defendant actually having a physical location in that place." *Parallel Network*, 2022 WL 1597364, at *4. As the Federal Circuit has made clear, "the mere fact that a defendant has advertised that it has a place of business … is not sufficient; the defendant must actually engage in business from that location." *Cray*, 871 F.3d at 1364. And relatedly, courts in this District have held that a plaintiff's reliance on a "listing of a location on a website" alone is insufficient for a plaintiff to carry "its burden to show that venue is proper." *See, e.g.*, *Parallel Network*, 2022 WL 1597364, at *4. This is especially true here, given that facts show that the alleged place of business in Plano, Texas is that of CA, Inc.—not Broadcom. Phillips Decl., ¶ 4–5; Ex. C; *see Parallel Network*, 2022 WL 1597364, at *1 ("A court may decide whether venue is proper based upon … undisputed facts evidenced in the record[.]").

For all these reasons, venue in this District is improper for Broadcom under § 1400(b), and OptiMorphix's Complaint must be dismissed pursuant to Rule 12(b)(3). *Parallel Network*, 2022 WL 1597364, at *2 ("If any statutory requirement is not satisfied, venue is improper.").

### B.    Insufficient Service of Process on Broadcom Inc.

Federal Rule of Civil Procedure 4(h) governs service of domestic corporations, such as Broadcom, and provides a number of options with respect to legally sufficient service. Here,

OptiMorphix attempted service of process of Broadcom exclusively under Fed. R. Civ. P. 4(h)(1)(B)—by delivering a copy of the Summons and Complaint to Broadcom's alleged "registered agent": Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, TX 78701. Dkt. 10; *see* Dkt. 1, ¶¶ 9.

But, as discussed above, Broadcom does ***not*** have any registered agent in Texas. Phillips Decl., ¶ 3; *see* Ex. A. And more pointedly, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, TX 78701, is ***not*** a registered agent of Broadcom. Phillips Decl., ¶ 4; *see* Ex. A. Rather, that entity is the registered agent of ***CA, Inc***.—a subsidiary of Broadcom, which maintains is own independent structure separate from Broadcom. *See* Phillips Decl., ¶ 5; Ex. B. In light of the corporate separateness between Broadcom and CA, Inc., OptiMorphix's attempted service of process of Broadcom via CA, Inc.'s registered agent is "legally insufficient." *Blue Spike, LLC v. ASUS Computer Int'l, Inc.*, No. 6:16-CV-1384-RWS-KNM, 2018 WL 3301705, at *8 (E.D. Tex. Feb. 20, 2018) (finding plaintiff's service of process of parent corporation via its subsidiary's registered agent is "legally insufficient"), *report and recommendation adopted*, 2018 WL 1443783 (E.D. Tex. Mar. 23, 2018).

While courts may sometimes afford plaintiffs "an opportunity to correct [] defective service" under Fed. R. Civ. P. 4 (*see, e.g.*, *Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287, 2012 WL 12903085, at *2 (E.D. Tex. Mar. 16, 2012)), no allowance need nor should be afforded here, given that venue is this District is improper as to Broadcom in any event, for the reasons discussed above. *See supra* Section IV.A. Thus, OptiMorphix's Complaint should be dismissed for insufficient service of process. *See Kreimerman*, 22 F.3d at 645 (Court has "broad discretion to dismiss an action for ineffective service of process").

### C.    OptiMorphix's Direct Infringement Claims Should be Dismissed.

OptiMorphix's Complaint fails to make any plausible allegations of direct infringement by Broadcom. As discussed above, Broadcom is a holding company. Phillips Decl., ¶ 2. As such, Broadcom does ***not*** make, use, offer to sell or sell, or import into the United States any Broadcom product or technology—including, but not limited to, the alleged "Broadcom" products identified in OptiMorphix's Complaint. Phillips Decl., ¶ 2. As such, Broadcom necessarily cannot be found to directly infringe any Asserted Patent. *See, e.g.*, 35 U.S.C. § 271; *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007) ("[L]iability for infringement requires a party to make, use, sell, or offer to sell the patented invention[.]"); *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) ("The making, using, or selling of a patented invention is the usual meaning of the expression 'direct infringement.'").

### D.    OptiMorphix's Pre-Suit Willful Infringement Claims Should be Dismissed.

OptiMorphix's claims for pre-suit willful infringement should be dismissed because, *inter alia*, OptiMorphix's Complaint fails to sufficiently allege pre-suit knowledge of any Asserted Patent by Broadcom—a threshold requirement for willful infringement. *See State Industries*, 751 F.2d at 1236 ("To willfully infringe a patent, the patent must exist and one must have knowledge of it."); *Opticurrent*, 2016 WL 9275395, at *2 ("[P]re-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness.").

At its core, OptiMorphix's claims for willful infringement are based on its allegation that "Broadcom has had knowledge of [each Asserted Patent] ***since at least service of this Complaint or shortly thereafter***, and Broadcom knew of [each Asserted Patent] and knew of its infringement, including ***by way of this lawsuit***." Dkt. 1, ¶¶ 73, 100, 120, 146, 171) (emphasis added). These allegations do not offer a plausible theory of Broadcom's ***pre-suit*** knowledge of

the Asserted Patents. Indeed, in *Network System*, this Court held that plaintiff's allegation that the defendant "had pre-suit knowledge" of the patents-at-issue based on "the filing of the complaint" did "not offer a plausible theory of [d]efendants' pre-suit knowledge." *Network Sys.*, Dkt. 95, at 5. Other courts in this District have consistently reached the same conclusion on the same or similar facts. *See, e.g.*, *NXP*, 2022 WL 799071, at *3 ("NXP has only alleged that Best Buy had knowledge of the Asserted Patents 'at least since the filing of this complaint.' … Therefore, NXP cannot plausibly maintain its claim for pre-suit willful infringement."); *Arigna*, 2022 WL 610796, at *6–7 ("Arigna has only alleged that Nissan had knowledge of the '850 Patent 'at least from the filing of [the] Complaint.' … [T]he Court concludes that Arigna has failed to state a claim for pre-suit willful infringement.").

OptiMorphix's vague allegations regarding the purported "well-known" nature of each Asserted Patent "within the industry" based on the patents' citations in published patents and patent applications assigned to "technology companies" (Dkt. 1, ¶¶ 71, 97, 122, 148, 173) also fail to provide a plausible theory of Broadcom's pre-suit knowledge of the Asserted Patents. Indeed, this Court has found similar allegations insufficient to survive a Rule 12(b)(6) motion to dismiss. In *Network System*, the plaintiff—like OptiMorphix here—alleged the patents-at-issue "[are] widely and publicly known, and frequently referenced, in the tight-knit semiconductor industry" and that "industry leaders" cited the patents-at-issue during the prosecution of their own patent applications. *Network Sys.*, Dkt. 95, at 6; *see* Ex. F, ¶¶ 26, 38, 50, 62, 74, 92.  This Court held those allegations "failed to plausibly plead pre-suit knowledge of the Asserted Patents." *Network Sys.*, Dkt. 95, at 7. In particular, this Court noted that none of the citations of the patents-at-issue were attributed to the defendant. *Id.* The Court concluded that "while it is

*possible* that Defendants knew, or should have known, about the Asserted Patents pre-suit," the allegations failed to "provide[] a *plausible* basis for Defendants' pre-suit knowledge." *Id.* at 9.

The same is true here. OptiMorphix's allegations that the Asserted Patents here are "well-known within the industry" because third-party companies have cited to the patents when those companies were prosecuting their own patent applications (Dkt. 1, ¶¶ 71, 97, 122, 148, 173) are insufficient for the Court to draw a reasonable inference that ***Broadcom in particular*** had pre-suit knowledge of each Asserted Patent. *Cf. Network Sys.*, Dkt. 95, at 7–9; *Dynamic Data Technologies v. Google LLC*, No. 19-1529-CFC, 2020 WL 1285852, at *2 (D. Del. Mar. 18, 2020) (holding allegations that patents-in-suit were well-known in the industry and had been cited by third-party companies when prosecuting their own patent applications were insufficient to plead that the specific defendant had pre-suit knowledge of the patents-in-suit), *report and recommendation adopted sub nom.*, 2020 WL 3103786 (D. Del. June 11, 2020).

Indeed, the Complaint is devoid of any allegation that Broadcom in particular had pre-suit knowledge of any of the '460 Patent, '871 Patent, '169 Patent, or '021 Patent—let alone pre-suit knowledge of infringement of any of those patents. *See Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7182476, at *3 (E.D. Tex. Apr. 25, 2008) (holding "there can be no pre-suit willful infringement" where defendant did not notify defendant of alleged infringement of the patent prior to filing the complaint). And while OptiMorphix's Complaint contains additional allegations regarding Broadcom's purported pre-suit knowledge of the '314 Patent based on Broadcom's alleged patent prosecution activities (Dkt. 1, ¶ 98), those allegations are directly rebutted by public facts and thus are not plausible on their face and, as such, do not provide a plausible basis for Broadcom's pre-suit knowledge of the '314 Patent.

In particular, OptiMorphix's allegation that "Broadcom has had knowledge of the '314 patent since at least August 19, 2010, when U.S. Patent Application No. 10/756,152, which is owned by Broadcom and cites the '314 patent as relevant prior art, was published" (Dkt. 1, ¶ 98) cannot be accepted as true because it is contradicted by public record, a copy of which is attached to this Motion to Dismiss. *See Lone Star*, 594 F.3d at 387; *Doe*, 653 F. Supp. 3d at 370. The prosecution records for U.S. Patent Application No. 10/756,152 show that **Foundry Networks, LLC**—not Broadcom—is the owner of U.S. Patent Application No. 10/756,152. Ex. D; *see Metacluster LT, UAB v. Bright Data Ltd.*, No. 2:22-CV-011-JRG-RSP, 2022 WL 18859434, at *1 (E.D. Tex. Dec. 20, 2022) ("Communications before the Patent and Trademark Office that are matters of public record are subject to judicial notice and appropriate for this Court to consider at the pleading stage."), *report and recommendation adopted*, 2023 WL 416417 (E.D. Tex. Jan. 25, 2023). In particular, a "Statement Under 37 CFR 3.73"[3] filed during prosecution on January 8, 2013, expressly identifies "Foundry Networks, LLC" as "the assignee of the entire right, title, and interest in" U.S. Patent Application No. 10/756,152. Ex. D. In view of this fact, OptiMorphix's allegation that Broadcom is the owner of U.S. Patent Application No. 10/756,152—and somehow acquired pre-suit knowledge of the '314 Patent via that patent application—is "not accepted as true." *Doe*, 653 F. Supp. 3d at 370; *see, e.g.*, *Carter*, 541 F. App'x at 417 (refusing to accept as true factual allegations that were contradicted by documents attached to defendant's motion to dismiss); *see also Lone Star*, 594 F.3d at 387.

OptiMorphix's allegation that Broadcom had pre-suit knowledge of the '314 Patent because "Broadcom has cited the '314 patent **family** as relevant prior art" in Broadcom's patent

---

[3] Section 3.73 of Title 37 of the Code of Federal Regulations is titled "Establishing right of assignee to take action" and sets forth the procedure by which an assignee of patent, who is not the "original applicant" (*i.e.*, original inventor), may "establish its ownership of the patent property … to the satisfaction of the Director [of the Patent Office]." 37 C.F.R. § 3.73(c)(1).

applications (Dkt. 1, ¶ 98 (emphasis added)) also fails to provide a plausible basis for Broadcom's pre-suit knowledge of the '314 Patent. Indeed, this Court has specifically held that a defendant's pre-suit knowledge "about a company and its technology"—generally—is not equivalent to pre-suit knowledge of a specific asserted patent. *Network Sys.*, Dkt. 95, at 7. And other courts have likewise held that alleged pre-suit knowledge of a patent ***family*** is not sufficient to establish pre-suit knowledge of each and every patent in that patent family. *See, e.g.*, *BillJCo*, 583 F. Supp. 3d at 776 ("The Court will not, however, establish a rule that notice of one patent in a portfolio or large family constitutes constructive notice of every patent in that portfolio or family."); *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 609 (D. Mass. 2018) ("Neither general knowledge of a patent portfolio nor actual knowledge of a patent application or of related patents, without more, is sufficient even to plausibly allege knowledge of a particular asserted patent."); *Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, at *4 (N.D. Cal. Feb. 14, 2018) (finding knowledge of a "patent portfolio" insufficient to establish knowledge of a particular patent-in-suit).

For all these reasons, OptiMorphix's Complaint fails to sufficiently allege pre-suit knowledge of any Asserted Patent because its allegations fail to provide a plausible basis for Broadcom's ***pre-suit*** knowledge of any of the Asserted Patents—let alone Broadcom's pre-suit knowledge of infringement of those patents. Accordingly, OptiMorphix's claims of ***pre-suit*** willful infringement should thus be dismissed pursuant to Rule 12(b)(6). *Network Sys.*, Dkt. 95, at 5–9 (dismissing pre-suit willfulness claims where plaintiff "failed to plausibly plead pre-suit knowledge of the Asserted Patents"); *Maxell*, 2019 WL 7905455, at *5 (same).

**E.      OptiMorphix's Pre-Suit Indirect Infringement Claims Should be Dismissed.**

For similar reasons, OptiMorphix's claims for pre-suit induced infringement should be dismissed because, *inter alia*, OptiMorphix's Complaint fails to sufficiently allege pre-suit knowledge of any Asserted Patent by Broadcom—a threshold requirement for induced infringement. *See Corydoras*, 2016 WL 9242435, at *2 ("[A] patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having knowledge of the asserted patents."); *Tierra*, 2014 WL 1233040, at *2 (holding a defendant "cannot be held liable for induced infringement for conduct occurring prior to its knowledge of the patents-in-suit").

As discussed immediately above, OptiMorphix's allegations in the Complaint do not offer a plausible theory of Broadcom's ***pre-suit*** knowledge of any of the Asserted Patents. Accordingly, OptiMorphix's pre-suit induced infringement claims "must fail for the same reasons above." *Network Sys.*, Dkt. 95, at 5–9. Indeed, in *Network System*, this Court dismissed both the plaintiff's pre-suit willfulness claims and pre-suit indirect infringement claims because the plaintiff "failed to plausibly plead pre-suit knowledge of the Asserted Patents." *Id.* Likewise, in *Maxell*, this Court dismissed both "claims [of] pre-suit indirect and willful infringement" because the plaintiff "failed to plausibly allege that [the defendant] had pre-suit knowledge of the [asserted] [p]atent." *Maxell*, 2019 WL 7905455, at *5. And other courts in this District have likewise struck any claim for pre-suit indirect infringement where the plaintiff fails to sufficiently plead pre-suit knowledge of the asserted patent(s). *See, e.g., Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *8 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017); *Corydoras*, 2016 WL 9242435, at *2; *see also BillJCo*, 583 F. Supp. 3d at 777–78.

**V.      CONCLUSION**

For the foregoing reasons, Broadcom requests that the Court grant its motion and dismiss the Complaint for both improper venue under Fed. R. Civ. P. 12(b)(3) and insufficient service of process, under Fed. R. Civ. P. 12(b)(5) and, in any event, dismiss OptiMorphix's claims of direct infringement, pre-suit willful infringement, and pre-suit indirect infringement for failure to state a claim upon which relief may be granted, under Fed. R. Civ. P. 12(b)(6).

DATED:  January 26, 2024

Respectfully submitted,

**KILPATRICK, TOWNSEND & STOCKTON LLP**

*/s/   Kristopher L. Reed*
Kristopher L. Reed
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@ktslaw.com

Russell A. Korn
1100 Peachtree Street NE, Ste. 2800
Atlanta, GA, USA, 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
rkorn@ktslaw.com

Joshua H. Lee
1100 Peachtree Street NE, Ste. 2800
Atlanta, GA, USA, 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
jlee@ktslaw.com

Edward J. Mayle
1400 Wewatta St., Ste. 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
tmayle@kilpatricktownsen.com

*Counsel for Defendant Broadcom Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 26, 2024.

*/s/ Kristopher L. Red*