IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| OPTIMORPHIX, INC., | § § | |
| Plaintiff, | § § | Civil Action No. 5-23-cv-00134 |
| v. | § § | **JURY TRIAL DEMANDED** |
| BROADCOM, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT CA, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION AND SUMMARY OF THE ARGUMENT | 1 |
| II. | STATEMENT OF RELEVANT FACTS | 2 |
| III. | LEGAL STANDARDS | 4 |
| | A. Failure to State a Claim Under Rule 12(b)(6) | 4 |
| | B. Pleading Willful Infringement | 5 |
| | C. Pleading Induced Infringement | 6 |
| IV. | ARGUMENT | 7 |
| | A. OptiMorphix's Pre-Suit Willful Infringement Claims Should Be Dismissed | 7 |
| | B. OptiMorphix's Pre-Suit Indirect Infringement Claims Should be Dismissed | 12 |
| V. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anascape, Ltd. v. Microsoft Corp.*,
  No. 9:06-CV-158, 2008 WL 7182476 (E.D. Tex. Apr. 25, 2008)..........................................9

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
  No. 2:21-CV-00172-JRG, 2022 WL 610796 (E.D. Tex. Jan. 24, 2022) ............................6, 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................4

*BillJCo, LLC v. Apple Inc.*,
  583 F. Supp. 3d 769 (W.D. Tex. 2022).................................................................5, 6, 11, 13

*Bowlby v. City of Aberdeen, Miss.*,
  681 F.3d 215 (5th Cir. 2012) ...................................................................................................4

*Carter v. Target Corp.*,
  541 F. App'x 413 (5th Cir. 2013) .....................................................................................4, 10

*Corydoras Techs., LLC v. Apple Inc.*,
  No. 2:16-CV-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016)................6, 7, 12, 13

*Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
  653 F. Supp. 3d 359 (S.D. Tex. 2023) ...............................................................................4, 10

*Dynamic Data Technologies v. Google LLC*,
  No. 19-1529-CFC, 2020 WL 1285852 (D. Del. Mar. 18, 2020) .............................................9

*Finjan, Inc. v. Juniper Networks, Inc.*,
  No. C 17-05659 WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ....................................11

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) ............................................................................................4, 10

*Maxell Ltd. v. Apple Inc.*,
  No. 5:19-CV-00036-RWS, 2019 WL 7905455 (E.D. Tex. Oct. 23, 2019) ...............5, 6, 12, 13

*Metacluster LT, UAB v. Bright Data Ltd.*,
  No. 2:22-CV-011-JRG-RSP, 2022 WL 18859434 (E.D. Tex. Dec. 20, 2022).......................10

## TABLE OF AUTHORITIES
(continued)

Page

*Network Sys. Tech., LLC v. Tex. Instruments Inc.*,
No. 2:22-CV-00482-RWS, Dkt. 95 (E.D. Tex. Sept. 25, 2023) .......................... 5, 6, 7, 8, 9, 12

*NXP USA Inc. v. MediaTek Inc.*,
No. 2:21-CV-00318-JRG, 2022 WL 799071 (E.D. Tex. Mar. 15, 2022) .............................. 6, 7

*Opticurrent, LLC v. Power Integrations, Inc.*,
No. 2:16-CV-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) ................................ 5, 7

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
330 F. Supp. 3d 574 (D. Mass. 2018) .................................................................................. 11

*State Industries, Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985) ........................................................................................... 5, 7

*Stragent, LLC v. BMW of N. Am., LLC*,
No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017) ....................... 13

*Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*,
No. 2:13-cv-44, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) .......................................... 6, 12

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*,
No. W-21-CV-00681-ADA, 2022 WL 3592449 (W.D. Tex. Aug. 22, 2022) ...................... 8, 11

*ZitoVault, LLC v. Int'l Bus. Machines Corp.*,
No. 3:16-CV-0962-M, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018) ............................... 8, 11

**Statutes**

35 U.S.C. § 271(b) ..................................................................................................................... 2

**Other Authorities**

37 C.F.R. § 3.73(c)(1) ............................................................................................................... 10

Fed. R. Civ. P. 12(b)(3) .............................................................................................................. 1

Fed. R. Civ. P. 12(b)(5) .............................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1, 4, 12, 13

Pursuant to Fed. R. Civ. P. 12(b)(6), CA, Inc. ("CA") respectfully moves the Court to dismiss Plaintiff OptiMorphix, Inc.'s claims of pre-suit willful infringement and pre-suit indirect infringement for failure to state a claim upon which relief may be granted.

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

In the present case, Plaintiff OptiMorphix, Inc. ("OptiMorphix") alleges that CA infringes five different U.S. patents: U.S. Patent Nos. 7,024,460 (the "'460 patent"); 7,031,314 (the "'314 patent"); 7,586,871 (the "'871 patent"); 8,429,169 (the "'169 patent"); and 9,167,021 (the "'021 patent") (collectively, the "Asserted Patents"). *See* Dkt. 23.

OptiMorphix originally alleged infringement of the Asserted Patents in this action by only CA's parent, Broadcom Inc. *See* Dkt. 1. Broadcom Inc., however, moved to dismiss that Original Complaint on various grounds, including, but not limited to, both improper venue under Fed. R. Civ. P. 12(b)(3) and insufficient service of process under Fed. R. Civ. P. 12(b)(5). *See* Dkt. 13. OptiMorphix's allegations regarding venue as to Broadcom Inc. were incorrectly based on the place of business of CA—a subsidiary of Broadcom Inc. *Id.* at 9–12. And OptiMorphix also effected service of the Original Complaint only on the registered agent of CA, as opposed to Broadcom Inc. *Id.* at 12–13.

In view of these issues, OptiMorphix filed a First Amended Complaint instead of responding to Broadcom Inc.'s motion on the merits. Dkt. 23; *see also* Dkt. 24. In the First Amended Complaint, OptiMorphix substitutes CA as the named defendant in place of Broadcom Inc. *Compare* Dkt. 23 *with* Dkt. 1; *see also* Dkt. 22 at 1. Nonetheless, OptiMorphix's allegations regarding CA's purported pre-suit knowledge of the Asserted Patents—a threshold requirement for both indirect and willful infringement—remain centered on Broadcom Inc., not CA.

It is axiomatic, however, that alleged knowledge of a patent by a parent corporation (*e.g.*, Broadcom Inc.) is generally not imputed to its subsidiary (*e.g.*, CA), especially where a plaintiff, like OptiMorphix here, alleges little more than a parent/subsidiary relationship between the two entities. And OptiMorphix's attenuated alternative allegations regarding CA's purported pre-suit knowledge of the Asserted Patents—allegations based on the patents' purported "well-known" nature within the industry—are also legally insufficient. Thus, as discussed further below, OptiMorphix's claims of pre-suit willful infringement and pre-suit indirect infringement must be dismissed because OptiMorphix's Complaint does not sufficiently allege pre-suit knowledge by CA of any of the Asserted Patents.

## II.   STATEMENT OF RELEVANT FACTS

In the First Amended Complaint, OptiMorphix alleges that CA "has directly infringed and continues to directly infringe" each of the Asserted Patents by "making, suing, offering for sale, and/or selling" certain respective products and technology. Dkt. 23, ¶¶ 63, 90, 114, 141, 167. OptiMorphix further alleges that "CA is infringing [each Asserted Patent] in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate." Dkt. 23, ¶¶ 71, 99, 122, 149, 175. Additionally, OptiMorphix alleges that "CA also indirectly infringes" each Asserted Patent "by actively inducing infringement under 35 U.S.C. § 271(b)."[1] Dkt. 23, ¶¶ 67, 94, 118, 145, 171.

In support of these infringement claims, OptiMorphix alleges "CA has had knowledge of [each Asserted Patent] since at least service of this First Amended Complaint or shortly thereafter, and CA knew of [each Asserted Patent] and knew of its infringement, including by way of this lawsuit." Dkt. 23, ¶¶ 69, 96, 120, 147, 173. Alternatively, OptiMorphix alleges "CA

---

[1] OptiMorphix's First Amended Complaint does not allege any contributory infringement of any Asserted Patent by CA. *See generally* Dkt. 23.

has had knowledge of [each Asserted Patent] since at least November 20, 2023, when the Original Complaint in this case was filed against CA's parent company, Broadcom Inc." Dkt. 23, ¶¶ 68, 95, 119, 146, 172.

OptiMorphix's First Amended Complaint is devoid of any specific allegation that CA had knowledge of any Asserted Patent and its alleged infringement thereof prior to the filing of the Original Complaint. *See generally* Dkt. 23. OptiMorphix merely alleges that each Asserted Patent is "well-known within the industry as demonstrated by multiple citations to [each Asserted Patent] in published patents and patent applications assigned to technology companies and academic institutions." Dkt. 23, ¶¶ 71, 99, 122, 149, 175. In particular, OptiMorphix alleges each of the Asserted Patents has been cited in patents and patent applications assigned to third-party companies such as Alphabet Inc., Qualcomm, Inc., and Microsoft Corporation. Dkt. 23, ¶¶ 8, 21, 28, 35, 42, 50.

With respect to one—and only one—Asserted Patent (the '314 Patent), OptiMorphix alleges that CA "has had knowledge of the '314 patent since at least August 19, 2010, when U.S. Patent Application No. 10/756,152, which is owned by CA's parent company Broadcom, which cites the '314 patent as relevant prior art, was published." Dkt 23, ¶ 97. But U.S. Patent Application No. 10/756,152 is not owned, and has never been owned, by Broadcom Inc. (or CA). The public prosecution records for that patent application—which are appropriate to consider at the pleadings stage—show that a different entity, Foundry Networks, LLC, is "the assignee of the entire right, title, and interest in" U.S. Patent Application No. 10/756,152. **Exhibit A.**

## III. LEGAL STANDARDS

### A. Failure to State a Claim Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the Court must "accept[] all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). But "[i]f the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a document attached to the motion to dismiss that is central to the claim and referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true." *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) (citing *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013)); *see Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").

Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If they do not, the claim should be dismissed. *Id.*

### B. Pleading Willful Infringement

"To willfully infringe a patent, the patent must exist and one must have knowledge of it." *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). As such, "pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016). Indeed, a claim for willful infringement "requires a showing that (1) the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) the risk of infringement was either known or so obvious that it should have been known to the accused infringer." *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905455, at *3 (E.D. Tex. Oct. 23, 2019). Thus, to state a claim for willful infringement, "the complaint must adequately allege factual circumstances in which the patents-in-suit are called to the attention of the defendants." *Id.* at *5.

When ruling on a motion to dismiss, the sufficiency of ***pre-suit*** willful infringement allegations is considered separately from ***post-suit*** willful infringement claims. *Network Sys. Tech., LLC v. Tex. Instruments Inc.*, No. 2:22-CV-00482-RWS, Dkt. 95 at 4–5 (E.D. Tex. Sept. 25, 2023) (Schroeder, J.) (**Exhibit B**) ("[C]onsidering pre-suit and post-suit allegations of knowledge and intent separately is consistent with recent decisions in this district, as well as the decisions of out-of-circuit courts."); *see, e.g.*, *Maxell*, 2019 WL 7905455, at *4–5; *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 775–77 (W.D. Tex. 2022) (dismissing pre-suit willful infringement claims after evaluating pre- and post-suit allegations separately).

And where a plaintiff's allegations fail to plausibly allege a defendant had pre-suit knowledge of the patent-in-suit, dismissal of any claim for pre-suit willful infringement is appropriate. *See, e.g.*, **Exhibit B** at 5–9 (granting motion to dismiss with respect to pre-suit

willfulness claims); *Maxell*, 2019 WL 7905455, at *4–5 (same); *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-CV-00318-JRG, 2022 WL 799071, at *3 (E.D. Tex. Mar. 15, 2022) ("NXP has only alleged that Best Buy had knowledge of the Asserted Patents 'at least since the filing of this complaint.' … Therefore, NXP cannot plausibly maintain its claim for pre-suit willful infringement."); *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-00172-JRG, 2022 WL 610796, at *6-7 (E.D. Tex. Jan. 24, 2022) ("Arigna has only alleged that Nissan had knowledge of the '850 Patent "at least from the filing of [the] Complaint." … [T]he Court concludes that Arigna has failed to state a claim for pre-suit willful infringement.").

### C. Pleading Induced Infringement

A defendant "cannot be held liable for induced infringement for conduct occurring prior to its knowledge of the patents-in-suit." *Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-cv-44, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014); *accord Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016) ("[A] patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having knowledge of the asserted patents.").

Thus, like willful infringement, when ruling on a motion to dismiss, the sufficiency of **pre-suit** induced infringement allegations is appropriately considered separately from **post-suit** induced infringement claims. **Exhibit B** at 4–5; *see, e.g.*, *Maxell*, 2019 WL 7905455, at *4–5; *BillJCo*, 583 F. Supp. 3d at 775–77 (dismissing pre-suit induced infringement claims after evaluating pre- and post-suit allegations separately). And where a plaintiff's allegations fail to plausibly allege a defendant had pre-suit knowledge of the patent-in-suit, dismissal of any claim for pre-suit induced infringement is appropriate. *See, e.g.*, **Exhibit B** at 11 (granting motion to dismiss with respect to pre-suit induced infringement claims); *Maxell*, 2019 WL

7905455, at *4–5 (same); *see also Corydoras*, 2016 WL 9242435, at *2–3 ("Since there is no allegation pre-suit knowledge of the patents-in-suit, Corydoras's indirect infringement claims must be limited to post-filing conduct.").

## IV. ARGUMENT

### A. OptiMorphix's Pre-Suit Willful Infringement Claims Should Be Dismissed

OptiMorphix's claims for pre-suit willful infringement should be dismissed because OptiMorphix's First Amended Complaint fails to sufficiently allege pre-suit knowledge of any Asserted Patent by CA—a threshold requirement for willful infringement. *See State Industries*, 751 F.2d at 1236 ("To willfully infringe a patent, the patent must exist and one must have knowledge of it."); *Opticurrent*, 2016 WL 9275395, at *2 ("[P]re-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness.").

At its core, OptiMorphix's claims for willful infringement are based on its allegations that "CA has had knowledge of [each Asserted Patent] *since at least service of this First Amended Complaint* or shortly thereafter, and CA knew of [each Asserted Patent] and knew of its infringement, including *by way of this lawsuit*." Dkt. 23, ¶¶ 69, 96, 120, 147, 173 (emphasis added). These allegations say nothing about *pre-suit* knowledge of the Asserted Patents. On analogous facts, Your Honor found in *Network System* that plaintiff's allegation that the defendant "had pre-suit knowledge" of the patents-at-issue based on "the filing of the complaint" did "not offer a plausible theory of [d]efendants' pre-suit knowledge." **Exhibit B** at 5. Other courts in this District have consistently reached the same conclusion on the same or similar facts. *See, e.g.*, *NXP*, 2022 WL 799071, at *3 ("NXP has only alleged that Best Buy had knowledge of the Asserted Patents 'at least since the filing of this complaint.' … Therefore, NXP cannot plausibly maintain its claim for pre-suit willful infringement."); *Arigna*, 2022 WL 610796, at *6–

7 ("Arigna has only alleged that Nissan had knowledge of the '850 Patent 'at least from the filing of this Complaint.' … [T]he Court concludes that Arigna has failed to state a claim for pre-suit willful infringement.").

OptiMorphix fares no better with its allegations that "CA has had knowledge of [each Asserted Patent] since at least November 20, 2023, when the **Original Complaint** in this case was filed against CA's **parent company, Broadcom Inc.**" (Dkt. 23, ¶¶ 68, 95, 119, 146, 172 (emphasis added)). Fundamentally, these allegations also fail to provide a plausible theory of CA's *pre-suit* knowledge of the Asserted Patents. Moreover, "[k]nowledge of a patent by a parent corporation is not necessarily imputed to its subsidiary." *ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) (listing cases). OptiMorphix must set out "more than just the bare facts of the parent/subsidiary relationship" in order to "plausibly allege" that CA had knowledge of the Asserted Patents based on the filing of the Original Complaint against Broadcom Inc. *Id.*; *accord Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, No. W-21-CV-00681-ADA, 2022 WL 3592449, at *3 (W.D. Tex. Aug. 22, 2022) (finding plaintiff "inadequately allege[d] a plausible claim that knowledge should be imputed to [defendant, a subsidiary company]" when plaintiff "offer[ed] little more than 'the bare facts of the parent/subsidiary relationship.'"). OptiMorphix has failed to do so. *See* Dkt. 23, ¶¶ 68, 95, 119, 146, 172. As such, OptiMorphix "has not stated a claim for pre-suit willful infringement" against CA based on the Original Complaint. *ZitoVault*, 2018 WL 2971131, at *3.

OptiMorphix's allegations regarding the purported "well-known" nature of each Asserted Patent "within the industry" (Dkt. 23, ¶¶ 71, 99, 122, 149, 175) are also insufficient. In *Network System*, the plaintiff—like OptiMorphix here—alleged the patents-at-issue "[are] widely and publicly known, and frequently referenced, in the tight-knit semiconductor industry" and that

"industry leaders" cited the patents-at-issue during the prosecution of their own patent applications. **Exhibit B** at 6; *see* **Exhibit C**, ¶¶ 26, 38, 50, 62, 74, 92. This Court held those allegations "failed to plausibly plead pre-suit knowledge of the Asserted Patents." **Exhibit B** at 7. In particular, this Court noted that none of the citations of the patents-at-issue were attributed to the defendant. *Id.* This Court concluded that "while it is possible that Defendants knew, or should have known, about the Asserted Patents pre-suit," the allegations failed to "provide[] a plausible basis for Defendants' pre-suit knowledge." *Id.* at 9.

The same is true here. OptiMorphix's allegations that the Asserted Patents here are "well-known within the industry" because third-party companies have cited to the patents during prosecution (Dkt. 23, ¶¶ 71, 99, 122, 149, 175) are insufficient for the Court to draw a reasonable inference that CA had pre-suit knowledge of each Asserted Patent. *Cf.* **Exhibit B** at 7–9; *Dynamic Data Technologies v. Google LLC*, No. 19-1529-CFC, 2020 WL 1285852, at *2 (D. Del. Mar. 18, 2020) (holding that allegations that patents were well-known in the industry because they had been cited by third-party companies when prosecuting their own applications were insufficient to plead that the specific defendant had pre-suit knowledge of the patents-in-suit), *report and recommendation adopted sub nom.*, 2020 WL 3103786 (D. Del. June 11, 2020).

Critically, the First Amended Complaint does not allege that CA itself had pre-suit knowledge of any of the '460 Patent, '871 Patent, '169 Patent, or '021 Patent—let alone pre-suit knowledge of infringement of any of those patents. *See Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7182476, at *3 (E.D. Tex. Apr. 25, 2008) (holding "there can be no pre-suit willful infringement" where defendant did not notify defendant of alleged infringement of the patent prior to filing the complaint).

And OptiMorphix's allegation that CA had pre-suit knowledge of the '314 Patent (Dkt. 23, ¶ 97) is both factually and legally deficient. OptiMorphix's alleges that "CA has had knowledge of the '314 patent since at least August 19, 2010, when U.S. Patent Application No. 10/756,152, which is owned by CA's parent company Broadcom, which cites the '314 patent as relevant prior art, was published." Dkt 23, ¶ 97. The prosecution records for U.S. Patent Application No. 10/756,152, however, show that Foundry Networks, LLC—not Broadcom Inc. (or CA)—is the owner of U.S. Patent Application No. 10/756,152. See **Exhibit A**. In particular, a "Statement Under 37 CFR 3.73"[2] filed during prosecution on January 8, 2013, expressly identifies "Foundry Networks, LLC" as "the assignee of the entire right, title, and interest in" U.S. Patent Application No. 10/756,152. *Id*. The Court may consider this public record in evaluating CA's motion to dismiss. *Metacluster LT, UAB v. Bright Data Ltd.*, No. 2:22-CV-011-JRG-RSP, 2022 WL 18859434, at *1 (E.D. Tex. Dec. 20, 2022) ("Communications before the Patent and Trademark Office that are matters of public record are subject to judicial notice and appropriate for this Court to consider at the pleading stage."), *report and recommendation adopted*, 2023 WL 416417 (E.D. Tex. Jan. 25, 2023); *see also Lone Star*, 594 F.3d at 387 (court may consider "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").

Given this contradictory public record, OptiMorphix's allegation that Broadcom Inc. is the owner of U.S. Patent Application No. 10/756,152 is "not accepted as true." *Doe*, 653 F. Supp. 3d at 370; *see, e.g.*, *Carter*, 541 F. App'x at 417 (refusing to accept as true factual allegations that were contradicted by documents attached to defendant's motion to dismiss). But

---

[2] Section 3.73 of Title 37 of the Code of Federal Regulations is titled "Establishing right of assignee to take action," and sets forth the procedure by which an assignee of patent, who is not the "original applicant" (*i.e.*, original inventor), may "establish its ownership of the patent property … to the satisfaction of the Director [of the Patent Office]." 37 C.F.R. § 3.73(c)(1).

even if the Court were to accept the allegation as true (which it should not), Broadcom Inc.'s alleged knowledge of the '314 Patent via U.S. Patent Application No. 10/756,152 still fails to provide a plausible basis for *CA's* pre-suit knowledge of the '314 Patent. As discussed above, "[k]nowledge of a patent by a parent corporation is not necessarily imputed to its subsidiary," especially here, where OptiMorphix has failed to plead anything "more than just the bare facts of the parent/subsidiary relationship" between Broadcom Inc. and CA. *ZitoVault*, 2018 WL 2971131, at *3; *accord Xiros*, 2022 WL 3592449, at *3 (holding same).

OptiMorphix's allegation that CA had pre-suit knowledge of the '314 Patent because "***Broadcom*** has cited the '314 patent *family* as relevant prior art in at least 43 patents that are assigned to and owned by Broadcom" (Dkt. 23, ¶ 97 (emphasis added)) likewise fails to provide a plausible basis for CA's pre-suit knowledge of the '314 Patent. *See ZitoVault*, 2018 WL 2971131, at *3; *accord Xiros*, 2022 WL 3592449, at *3. Further, this Court has held that a defendant's pre-suit knowledge "about a company and its technology" generally is not equivalent to pre-suit knowledge of a specific asserted patent. **Exhibit B** at 7. And other courts likewise have held that alleged pre-suit knowledge of a patent family (like here) is not sufficient to establish pre-suit knowledge of each and every patent in that patent family. *E.g.*, *BillJCo*, 583 F. Supp. 3d at 776 ("The Court will not, however, establish a rule that notice of one patent in a portfolio or large family constitutes constructive notice of every patent in that portfolio or family."); *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 609 (D. Mass. 2018) ("Neither general knowledge of a patent portfolio nor actual knowledge of a patent application or of related patents, without more, is sufficient even to plausibly allege knowledge of a particular asserted patent."); *Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA,

2018 WL 905909, at *4 (N.D. Cal. Feb. 14, 2018) (finding knowledge of a "patent portfolio" insufficient to establish knowledge of a particular patent-in-suit).

For these reasons, OptiMorphix's First Amended Complaint fails to provide a plausible basis for CA's pre-suit knowledge of any of the Asserted Patents, let alone CA's pre-suit knowledge of infringement of those patents. Accordingly, OptiMorphix's claims of pre-suit willful infringement should thus be dismissed pursuant to Rule 12(b)(6). **Exhibit B** at 5–9 (dismissing pre-suit willfulness claims where plaintiff "failed to plausibly plead pre-suit knowledge of the Asserted Patents"); *Maxell*, 2019 WL 7905455, at *5 (same).

### B.      OptiMorphix's Pre-Suit Indirect Infringement Claims Should be Dismissed

For similar reasons, OptiMorphix's claims for pre-suit induced infringement should be dismissed because OptiMorphix's Complaint fails to sufficiently allege pre-suit knowledge of any Asserted Patent by CA—a threshold requirement for induced infringement. *See Corydoras*, 2016 WL 9242435, at *2 ("[A] patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having knowledge of the asserted patents."); *Tierra*, 2014 WL 1233040, at *2 (holding a defendant "cannot be held liable for induced infringement for conduct occurring prior to its knowledge of the patents-in-suit").

As discussed above, OptiMorphix's allegations in the First Amended Complaint do not offer a plausible theory of CA's pre-suit knowledge of any of the Asserted Patents. Accordingly, OptiMorphix's pre-suit induced infringement claims "must fail for the same reasons above." **Exhibit B** at 5–9. In *Network System*, this Court dismissed both the plaintiff's pre-suit willfulness claims *and* pre-suit indirect infringement claims because the plaintiff "failed to plausibly plead pre-suit knowledge of the Asserted Patents." *Id.* Likewise, in *Maxell*, this Court dismissed both "claims [of] pre-suit indirect and willful infringement" because the plaintiff

"failed to plausibly allege that [the defendant] had pre-suit knowledge of the [asserted] [p]atent." *Maxell*, 2019 WL 7905455, at *5. Other courts in this District have likewise struck any claim for pre-suit indirect infringement where the plaintiff fails to sufficiently plead pre-suit knowledge of the asserted patent(s). *E.g.*, *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *8 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017); *Corydoras*, 2016 WL 9242435, at *2; *see also BillJCo*, 583 F. Supp. 3d at 777–78.

## V.   CONCLUSION

For the foregoing reasons, CA requests that the Court dismiss OptiMorphix's claims of pre-suit willful infringement and pre-suit indirect infringement for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

| | |
|---|---|
| DATED: March 8, 2024 | Respectfully submitted,<br><br>**KILPATRICK, TOWNSEND & STOCKTON LLP**<br><br>*/s/ Kristopher L. Reed*<br>Kristopher L. Reed<br>2001 Ross Avenue, Suite 4400<br>Dallas, TX 75201<br>Telephone: (214) 922-7143<br>Facsimile: (214) 922-7101<br>kreed@ktslaw.com<br><br>Russell A. Korn<br>1100 Peachtree Street NE, Ste. 2800<br>Atlanta, GA, USA, 30309<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>rkorn@ktslaw.com<br><br>Joshua H. Lee<br>1100 Peachtree Street NE, Ste. 2800<br>Atlanta, GA, USA, 30309<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>jlee@ktslaw.com<br><br>Edward J. Mayle<br>1400 Wewatta St., Ste. 600<br>Denver, CO 80202<br>Telephone: (303) 571-4000<br>Facsimile: (303) 571-4321<br>tmayle@kilpatricktownsen.com<br><br>*Counsel for Defendant CA, Inc.* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 8, 2024.

/s/ Kristopher L. Reed