# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

OPTIMORPHIX, INC.,

        *Plaintiff,*

      v.

CA, INC.,

        *Defendant.*

Civil Action No. 5:23-cv-134-RWS-JBB

**JURY TRIAL DEMANDED**

**OPTIMORPHIX, INC.'S OPPOSITION TO DEFENDANT CA, INC.'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

I.    Introduction ................................................................................................................ 1

II.   Background ................................................................................................................. 2

III.  Legal Standards .......................................................................................................... 5

IV.   Argument .................................................................................................................... 5

    A.   The FAC Sufficiently Pleads Willful Infringement. ........................................... 5

    B.   The FAC Sufficiently Pleads Indirect Infringement. ......................................... 11

V.    Conclusion ................................................................................................................ 12

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................... 5

*Bell v. Twombly*,
    550 U.S. 544 (2007)..................................................................... 5

*Bowlby v. City of Aberdeen*,
    681 F.3d 215 (5th Cir. 2012) ....................................................... 5

*Canon, Inc. v. TCL Elecs Holdings Ltd.*,
    2020 U.S. Dist. LEXIS 52162 (E.D. Tex. Mar. 25, 2020)................. 7

*Commil USA, LLC v. Cisco Sys.*,
    135 S. Ct. 1920 (2015).................................................................. 11

*Elm 3DS Innovations, Ltd. Liab. Co. v. Samsung Elecs. Co.*,
    2015 U.S. Dist. LEXIS 130699 (D. Del. Sep. 29, 2015) ................. 8

*Elm 3DS Innovations, Ltd. Liab. Co. v. SK hynix Inc.*,
    2016 U.S. Dist. LEXIS 42945 (D. Del. Mar. 31, 2016) .................. 9

*Erickson v. Pardus*,
    551 U.S. 89 (2007)....................................................................... 5

*Hoya Corp. v. Alcon Inc.*,
    2021 U.S. Dist. LEXIS 187764 (N.D. Tex. Sep. 30, 2021)............. 7

*InvestPic, LLC v. FactSet Research Sys.*,
    2011 U.S. Dist. LEXIS 112891 (D. Del. Sep. 30, 2011) ................. 9

*Mobile Telecomms. Techs., LLC v. Blackberry Corp.*,
    2016 U.S. Dist. LEXIS 55206 (N.D. Tex. Apr. 26, 2016)........... 7, 10

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
    2017 U.S. Dist. LEXIS 221765 (E.D. Tex. Sep. 22, 2017) ............. 10

*Skinner v. Switzer*,
    562 U.S. 521 (2011)..................................................................... 5

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
    2020 U.S. Dist. LEXIS 166493 (N.D. Tex. Sep. 11, 2020)............. 12

*Solocron Educ., LLC v. Healthstream, Inc.*,
    2016 U.S. Dist. LEXIS 189974 (E.D. Tex. June 7, 2016)................ 5

*Soverain IP, LLC v. Microsoft Corp.*,
    2018 U.S. Dist. LEXIS 49661 (E.D. Tex. Mar. 26, 2018)................ 9

*Titanide Ventures, LLC v. IBM Corp.*,
    2012 U.S. Dist. LEXIS 163430 (E.D. Tex. Oct. 18, 2012) ............. 12

*USC IP P'ship, L.P. v. Facebook, Inc.*,
    2021 U.S. Dist. LEXIS 137424 (W.D. Tex. July 23, 2021) .................................. 6, 11, 12

*Walker Dig., LLC v. Facebook, Inc.*,
    852 F. Supp. 2d 559 (D. Del. 2012) .................................................................................. 10

**R**ULES

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 5, 12

## I.   INTRODUCTION

This is a patent infringement action.  Dkt. No. 23 (hereinafter "First Amended Complaint" or "FAC").  Plaintiff OptiMorphix, Inc. ("OptiMorphix") owns all rights to U.S. Patent Nos. 7,024,460 (the "'460 Patent"), 7,031,314 (the "'314 Patent"), 7,586,871 (the "'871 Patent"), 8,429,169 (the "'169 Patent"), and 9,167,021 (the "'021 Patent") (collectively, the "Asserted Patents").  *Id.* ¶¶ 17, 23, 30, 37, 44.  The groundbreaking inventions disclosed in the Asserted Patents relate generally to solutions that enable network operators to deliver high-quality, consistent mobile data services, including through data optimization solutions designed to compress and accelerate data transfer.  Defendant CA, Inc. ("CA" or "Defendant") designs, makes, uses, sells, and/or offers for sale products covered by the Asserted Patents.  *Id.* ¶¶ 52-66, 75-93, 103-117, 126-144, 153-170.

OptiMorphix has sued CA for infringing the Asserted Patents.  The First Amended Complaint identifies the CA accused products by name and provides detailed factual allegations that map the features of the accused products to the claims of the Asserted Patents.  *Id.*  The factual allegations in the FAC are detailed and weave a durable fabric of plausible infringement claims. Indeed, CA has fair notice of what activities are being accused of direct infringement, and it therefore does not even attempt to argue otherwise.

Instead, the entire focus of CA's Motion to Dismiss First Amended Complaint (Dkt. No. 29, hereinafter, "Motion" or "Mot.") is on OptiMorphix's supposed failure to plausibly allege claims for pre-suit willful and indirect infringement.  More specifically, CA argues that OptiMorphix's pre-suit willful and indirect infringement claims should be dismissed because the FAC purportedly fails to allege that CA had pre-suit knowledge of the Asserted Patents.  CA is wrong; the FAC plausibly alleges pre-suit knowledge of the Asserted Patents since at least November 2023, when the original Complaint against CA's parent company, Broadcom, Inc., was

filed and served on CA's registered agent for service of process and notice was given to the same attorneys representing CA in this litigation.  In addition, CA does not dispute that the FAC adequately alleges that CA has had knowledge of the Asserted Patents since at least the filing of the FAC; this allegation sufficiently pleads claims for post-suit willful and indirect infringement.

For these reasons and those set forth below, CA's Motion should be denied.

## II. BACKGROUND

The Asserted Patents arose from the research and development efforts of Citrix Systems, Inc. ("Citrix") and Bytemobile, Inc. ("Bytemobile").  FAC ¶ 1.  The '460 Patent, entitled *Service-Based Compression of Content Within a Network Communication System*, was filed on March 11, 2002.  *Id.* ¶ 16.  The '314 Patent, entitled *Systems and Methods for Providing Differentiated Services Within a Network Communication System*, was filed on April 19, 2002.  *Id.* ¶ 22.  The '871 Patent, entitled *Platform and Method for Providing Data Services in a Communication Network*, was filed on January 11, 2006.  *Id.* ¶ 29.  The '169 Patent, entitled *Systems and Methods For Video Cache Indexing*, was filed on July 29, 2011.  *Id.* ¶ 36.  The '021 Patent, entitled *Measuring Web Browsing Quality of Experience in Real-Time at An Intermediate Network Node*, was filed on March 30, 2012.  *Id.* ¶ 43.  OptiMorphix is the owner by assignment of the Asserted Patents.  *Id.* ¶¶ 17, 23, 30, 37, 44.

The groundbreaking inventions disclosed in the Asserted Patents relate generally to solutions that enable network operators to deliver high-quality, consistent mobile data services, including through data optimization solutions designed to compress and accelerate data transfer. For example, the inventions taught by the '314 Patent solve "discrete, technological problems associated with computer systems, specifically those related to network communication systems. The patent addresses the limitations of existing network infrastructures that were not designed to support a wide variety of application-specific and subscriber-specific services as data flows

Page 2

through the network.  It also solves the problem of the significant processing penalty associated with identifying the data streams on which to perform the differentiated services." *Id.* ¶ 27.  As another example, the '871 Patent "is directed to solving the problem of efficiently providing data services, such as content filtering, in a communication network.  This includes the ability to determine whether a packet flow should be suspended for filtering a content request based on packet flow characteristics detected at the layers implemented in hardware, without the need for assistance from higher layers in the architecture implemented in software." *Id.* ¶ 32.

The Asserted Patents are well-known in the networking, content delivery, and cloud computing fields.  Highlighting the importance and notoriety of the Asserted Patents is the fact that OptiMorphix's patent portfolio has been cited by over 4,800 U.S. and international patents and patent applications assigned to a wide variety of the largest companies operating in the networking, content delivery, and cloud computing fields. *Id.* ¶ 8.  The Asserted Patents have been cited by, *inter alia*, companies such as Broadcom, Ltd.—CA is a wholly-owned subsidiary of Broadcom Inc. (formerly Broadcom, Ltd.); Amazon.com, Inc.; Oracle Corporation; Alphabet, Inc.; Cisco Systems, Inc.; Lumen Technologies, Inc.; Intel Corporation; Microsoft Corporation; AT&T, Inc.; Verizon Communications, Inc.; and Juniper Networks, Inc.  *Id.*

As alleged in the FAC, CA directly infringes each Asserted Patent. *Id.* ¶¶ 52-66 (alleging direct infringement of the '460 Patent); *id.* ¶¶ 75-93 (alleging direct infringement of the '314 Patent); *id* ¶¶ 103-117 (alleging direct infringement of the '871 Patent); *id.* ¶¶ 126-144 (alleging direct infringement of the '169 Patent); *id.* ¶¶ 153-170 (alleging direct infringement of the '021 Patent).

With respect to each Asserted Patent, the FAC sets forth detailed allegations, including by referencing product manuals and documents, explaining how the accused CA products meet each

and every element of at least one claim of each Asserted Patent. *Id.* The FAC's detailed allegations more than satisfy the standard for pleading claims for direct infringement, and indeed, CA does not argue otherwise.

The FAC further alleges that CA indirectly infringes the Asserted Patents by actively inducing infringement under 35 U.S.C. § 271(b). *Id.* ¶¶ 67-71 (alleging indirect infringement of the '460 Patent); *id.* ¶¶ 94-99 (alleging indirect infringement of the '314 Patent); *id* ¶¶ 118-122 (alleging indirect infringement of the '871 Patent); *id.* ¶¶ 145-149 (alleging indirect infringement of the '169 Patent); *id.* ¶¶ 171-175 (alleging indirect infringement of the '021 Patent).

Contrary to CA's argument regarding pre-suit knowledge, the FAC plausibly alleges that "CA has had knowledge of" each Asserted Patent "since at least November 20, 2023, when the Original Complaint in this case was filed against CA's parent company, Broadcom Inc. CA knew of" each Asserted Patent "and knew of its infringement, including by way of the filing of the Original Complaint against CA's parent company Broadcom Inc., which identified" each Asserted Patent "and explained how each of the accused products infringe" each Asserted Patent. *Id.* ¶¶ 68, 95, 119, 146, 172. The FAC further alleges that each of the Asserted Patents "is well-known within the industry as demonstrated by multiple citations to" each Asserted Patent "in published patents and patent applications assigned to technology companies and academic institutions." *Id.* ¶¶ 71, 99, 122, 149, 175. In addition, the FAC alleges that CA "intended to induce patent infringement by third-party customers and users of the" CA accused products and "had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement," and contains detailed allegations concerning the manner in which CA induced, and continues to induce, infringement of the Asserted Patents. *Id.* ¶¶ 70, 98, 121, 148, 174. As explained below, the FAC's allegations satisfy the standard for pleading claims for

both pre-suit and post-suit induced and willful infringement.  CA's Motion therefore should be denied.

## III.  LEGAL STANDARDS

CA bears the burden of demonstrating that the FAC fails to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure 8(a)(2) "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [a plaintiff's] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570 (2007)).  This plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  "[T]he plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the alleged misconduct." *Solocron Educ., LLC v. Healthstream, Inc.*, 2016 U.S. Dist. LEXIS 189974, at *6 (E.D. Tex. June 7, 2016) (citation omitted).

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff." *Id.* at *5 (citing *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012)).

## IV.  ARGUMENT

### A.    The FAC Sufficiently Pleads Willful Infringement.

CA argues that OptiMorphix's "claims for pre-suit willful infringement should be dismissed because OptiMorphix's First Amended Complaint fails to sufficiently allege pre-suit knowledge of any Asserted Patent by CA—a threshold requirement for willful infringement." Mot. at 7.  CA is wrong, and its Motion should be denied with respect to OptiMorphix's willful infringement claims.

For willful infringement, a plaintiff is required "to allege facts plausibly showing that the accused infringer: '(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'"  *USC IP P'ship, L.P. v. Facebook, Inc.*, 2021 U.S. Dist. LEXIS 137424, at *3 (W.D. Tex. July 23, 2021) (citation omitted).  CA only challenges the first element of this test—knowledge of the patents-in-suit—and only with respect to pre-suit willfulness; its challenge fails for the reasons explained below.

*First*, the FAC sufficiently pleads that CA had pre-suit knowledge of the Asserted Patents. The FAC alleges that "CA has had knowledge of" each Asserted Patent "since at least November 20, 2023, when the Original Complaint in this case was filed against CA's parent company, Broadcom Inc.  CA knew of" each Asserted Patent "and knew of its infringement, including by way of the filing of the Original Complaint against CA's parent company Broadcom Inc., which identified" each Asserted Patent "and explained how each of the accused products infringe" each Asserted Patent.  FAC ¶¶ 68, 95, 119, 146, 172.  CA argues that the filing of the Original Complaint against CA's parent company, Broadcom, Inc., in November 2023 is insufficient to establish CA's knowledge of the Asserted Patents prior to the filing of the FAC on February 23, 2024.  Mot. at 8. According to CA, the knowledge of Broadcom, its parent company, cannot be imputed to CA.  *Id.* CA is wrong.

CA and Broadcom are represented by the same attorneys in connection with this litigation. In filing a motion to dismiss the Original Complaint on behalf of Broadcom, those attorneys in fact argued that CA (rather than Broadcom) is the proper Defendant in this case.  Dkt. No. 13 at 1-2 n.1 (stating that "counsel for Broadcom conferred with counsel for OptiMorphix and suggested OptiMorphix substitute that subsidiary [CA] for Broadcom ….").  Moreover, those attorneys acknowledged that the Original Complaint was served on Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, TX 78701, which is the "the registered agent of *CA, Inc.*—a subsidiary of Broadcom …."; in other words, even though CA was not named as a defendant in the Original Complaint, it nonetheless had notice of the Original Complaint—which contained detailed allegations concerning infringement of the Asserted Patents—given that service was effectuated on its registered agent. *Id.* at 13 (emphasis in original).  These facts, including the fact that CA and its parent company Broadcom are represented by the same attorneys in this litigation, give rise to a plausible inference that CA had pre-suit knowledge of the Asserted Patents since at least November 2023, when the Original Complaint was filed and served.  *See Hoya Corp. v. Alcon Inc.*, 2021 U.S. Dist. LEXIS 187764, at *9 (N.D. Tex. Sep. 30, 2021) ("HOYA has sufficiently pleaded facts to support a reasonable inference that Alcon [the parent company] had knowledge of the HOYA patents, and because of the *interconnected relationships among the Alcon entities through their counsel*, the knowledge is attributable to the Alcon entities named in this lawsuit.") (emphasis added).  *Cf. Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, 2016 U.S. Dist. LEXIS 55206, at *7-8 (N.D. Tex. Apr. 26, 2016) (holding that "the specific facts establishing that knowledge may be imputed" did not need to "be alleged in order to avoid dismissal at the pleading stage"); *Canon, Inc. v. TCL Elecs Holdings Ltd.*, 2020 U.S. Dist. LEXIS 52162, at *15-16 (E.D. Tex. Mar. 25, 2020) (holding

that allegations of infringement against "Defendants," encompassing related entities, was sufficient to provide "fair notice" of the claims).

In addition, the FAC further alleges that each of the Asserted Patents "is well-known within the industry as demonstrated by multiple citations to" each Asserted Patent "in published patents and patent applications assigned to technology companies and academic institutions."  FAC ¶¶ 71, 99, 122, 149, 175.  More specifically, for example, the Complaint states that the "'314 patent family has been cited by 1,466 United States and international patents and patent applications as relevant prior art.  Specifically, 141 United States and international patents and patent applications have cited the '314 patent itself as relevant prior art."  *Id.* ¶ 28.  Patents issued to companies that are major players in the networking, content delivery, and cloud computing fields have cited the '314 Patent as relevant prior art; these companies include ***Broadcom Limited***, Cisco Technology, Inc., Alphabet Inc. (Google), Oracle Corporation, International Business Machines Corp., Microsoft Corporation, Qualcomm, Inc., Telefonaktiebolaget Lm Ericsson, Intel Corporation, Check Point Software Technologies Ltd., Hitachi, Ltd., Open Text Corporation, Fujitsu Limited, Broadcom Limited, and Samsung Electronics Co., Ltd.  *Id.*  The FAC includes similarly detailed allegations demonstrating that the '460 Patent, the '871 Patent, the '169 Patent, and the '021 Patent are all well-known in the networking, content delivery, and cloud computing fields.  *Id.* ¶¶ 21, 35, 42, 50.  Taken together, particularly in view of the other specific allegations discussed above, the FAC's allegations sufficiently plead CA's pre-suit knowledge of the Asserted Patents.  *See Elm 3DS Innovations, Ltd. Liab. Co. v. Samsung Elecs. Co.*, 2015 U.S. Dist. LEXIS 130699, at *8 (D. Del. Sep. 29, 2015) (explaining that "[i]n and of themselves, the allegations regarding (1) Defendants' knowledge of patents related to the '239 patent or (2) the '239 patent's ubiquity in Defendants' industry, may not have been sufficient here.  And even taken together, they may not

make pre-suit knowledge probable.  But considered as a whole, they render it at least plausible that Defendants were aware of the '239 patent and its claims prior to suit.") (emphasis in original), *report adopted by Elm 3DS Innovations*, *Ltd. Liab. Co. v. SK hynix Inc.*, 2016 U.S. Dist. LEXIS 42945, at \*2 (D. Del. Mar. 31, 2016); *Soverain IP, LLC v. Microsoft Corp.*, 2018 U.S. Dist. LEXIS 49661, at \*5 (E.D. Tex. Mar. 26, 2018) (finding that the plaintiff plausibly alleged pre-suit knowledge based on allegations that "each patent is well-known in the industry by virtue of citations in patents and published applications" combined with other case-specific allegations; "[c]onsidered together, these are sufficient for the Court to reasonably infer AT&T knew of the asserted patents."); *InvestPic, LLC v. FactSet Research Sys.*, 2011 U.S. Dist. LEXIS 112891, at \*6-7 (D. Del. Sep. 30, 2011) ("Plaintiff alleges at bar that the defendants knew of the '291 patent, because the '291 patent 'is well-known in the industry - having been cited by at least 79 issued U.S. patents since 2001.'  Defendants might disagree with this fact and may be able to prove otherwise through discovery; however, taking the factual assertion as true, if a patent is 'publicly' known, one can infer (i.e., it is more probably true than not) that an individual defendant had knowledge of it.").[1]

Finally, with respect to the '314 Patent, the FAC contains additional allegations regarding pre-suit knowledge.  As the FAC alleges: "Alternatively, CA has had knowledge of the '314 patent since at least August 19, 2010, when U.S. Patent Application No. 10/756,152, which is owned by CA's parent company Broadcom, which cites the '314 patent as relevant prior art, was published. In addition, CA's parent company Broadcom has cited the '314 patent family as relevant prior art in at least 43 patents that are assigned to and owned by Broadcom."  FAC ¶ 97.  These allegations

---

[1] OptiMorphix acknowledges there are cases on both sides of this issue, including those cited in CA's Motion, but submits that when viewed together, as they must be, the allegations of the FAC plausibly allege CA's pre-suit knowledge of the Asserted Patents.

plausibly allege CA's earlier pre-suit knowledge of the '314 Patent.  *See Mobile Telecomms.*
*Techs., LLC*, 2016 U.S. Dist. LEXIS 55206, at *7-8 (finding that knowledge allegations directed
to a non-defendant entity could be imputed to the defendant entity and rejecting the argument that
at the motion to dismiss stage, "the specific facts establishing that knowledge may be imputed
must be alleged in order to avoid dismissal"); *Walker Dig., LLC v. Facebook, Inc.*, 852 F. Supp.
2d 559, 568 (D. Del. 2012) ("Because Zappos is a wholly owned subsidiary of Amazon, the court
can infer that Zappos also had pre-suit knowledge of the '056 patent."); *Plano Encryption Techs.,*
*LLC v. Alkami Tech., Inc.*, 2017 U.S. Dist. LEXIS 221765, at *17-18 (E.D. Tex. Sep. 22, 2017)
("Google, the corporate entity, engaged an agent to file a patent application on its behalf with
citations to prior art that Google is deemed to be aware of, at least to some extent.  …  [C]itations
of prior art in patent applications are evidence of knowledge, to be weighed accordingly at the
proper time in litigation.").

      In opposition, CA argues that the "prosecution records for U.S. Patent Application No.
10/756,152 … show that Foundry Networks, LLC—not Broadcom Inc. (or CA)—is the owner of
U.S. Patent Application No. 10/756,152."  Mot. at 10.  But Foundry Networks, LLC was acquired
by Brocade Communications Systems,[2] and Brocade Communications Systems was, in turn,
acquired by Broadcom Limited,[3] which is now known as Broadcom Inc.  While the details of the
corporate acquisition activity leading to Broadcom's ownership of Foundry Networks' patents are
outside the scope of the pleadings, the extra-pleading facts raised in CA's Motion only go to show

---

[2] *Brocade Announces Definitive Agreement to Acquire Foundry Networks*, BROCADE
COMMUNICATIONS SYSTEMS, INC. PRESS RELEASE (July 21, 2008), *available at*:
https://investors.broadcom.com/node/39081/html (accessed Mar. 18, 2024).
[3] *Broadcom Completes Acquisition of Brocade Communications Systems*, BROADCOM LIMITED
PRESS RELEASE (Nov. 17, 2017), *available at*: https://investors.broadcom.com/news-
releases/news-release-details/broadcom-completes-acquisition-brocade-communications-systems
(accessed Mar. 18, 2024).

the FAC properly pleads (contrary to CA's argument) that "U.S. Patent Application No. 10/756,152 … is owned by CA's parent company Broadcom …." FAC ¶ 97.

Accordingly, for all the reasons explained above, the Court should deny CA's Motion with respect to OptiMorphix's pre-suit willful infringement claims.

*Second*, and at a minimum, the FAC sufficiently pleads that CA had post-suit knowledge of the Asserted Patents. And CA does not argue otherwise. As alleged in the FAC, "CA has had knowledge of" each Asserted Patent "since at least service of this First Amended Complaint or shortly thereafter, and CA knew of" each Asserted Patent "and knew of its infringement, including by way of this lawsuit." FAC ¶¶ 69, 97, 120, 147, 173. These allegations are sufficient to state claims for post-suit willful infringement. *USC IP P'ship, L.P.*, 2021 U.S. Dist. LEXIS 137424, at *7 ("Further, since USC alleges that Facebook has knowledge of the asserted patent and the alleged infringement at least at the commencement of this action, the Court finds that USC has sufficiently alleged its post-suit indirect and willful infringement claims.").

Accordingly, the FAC plausibly pleads claims for pre-suit and post-suit willful infringement, and CA's Motion therefore should be denied.

### B.   The FAC Sufficiently Pleads Indirect Infringement.

CA argues that "[f]or similar reasons, OptiMorphix's claims for pre-suit induced infringement should be dismissed because OptiMorphix's Complaint fails to sufficiently allege pre-suit knowledge of any Asserted Patent by CA—a threshold requirement for induced infringement." Mot. at 12. CA is wrong, and its Motion should be denied with respect to OptiMorphix's indirect infringement claims.

"[L]iability for induced infringement can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys.*, 135 S. Ct. 1920, 1926 (2015) (citation omitted). "To survive a motion to dismiss a

claim of induced infringement, the plaintiff's complaint must contain facts that plausibly suggest the defendant had specific intent to encourage others to infringe the patent. However, the plaintiff need not *prove* intent, but merely provide enough facts from which intent can be reasonably inferred. Furthermore, the Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss." *Titanide Ventures, LLC v. IBM Corp.*, 2012 U.S. Dist. LEXIS 163430, at *10-11 (E.D. Tex. Oct. 18, 2012) (emphasis in original) (citations omitted).

Here, as explained above in Section IV.A, the FAC sufficiently alleges that CA had pre-suit knowledge of the Asserted Patents, which is the only element of the claim CA challenges.[4] Because the FAC's allegations plausibly plead CA's pre-suit knowledge of the Asserted Patents and CA's Motion only challenges that point, OptiMorphix has stated cognizable claims for indirect infringement. Therefore, CA's Motion should be denied.

## V. CONCLUSION

OptiMorphix respectfully requests that the Court deny CA's Motion in its entirety. In the event the Court finds OptiMorphix's pleading deficient in any way, OptiMorphix respectfully requests leave to amend its Complaint to address any deficiencies. *See Soar Tools, LLC v. Mesquite Oil Tools, Inc.,* 2020 U.S. Dist. LEXIS 166493, at *23 (N.D. Tex. Sep. 11, 2020) ("[C]ourts typically grant patent-infringement plaintiffs leave to amend unless such a plaintiff has already failed to cure pleading deficiencies in prior amended complaints.").

---

[4] At a minimum, the FAC adequately pleads CA's post-suit knowledge of the Asserted Patents, which is sufficient to support OptiMorphix's claims for post-suit indirect infringement, which CA does not even attempt to challenge. *See USC IP P'ship, L.P.*, 2021 U.S. Dist. LEXIS 137424, at *7.

Page 12

Dated:  March 20, 2024

Respectfully submitted,

*/s/  Daniel P. Hipskind*
Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
Erin E. McCracken (CA SB No. 244523)
BERGER & HIPSKIND LLP
9538 Brighton Way, Ste. 320
Beverly Hills, CA 90210
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: eem@bergerhipskind.com

Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com

*Attorneys for OptiMorphix, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on March 20, 2024, a copy of the foregoing

document was served on all counsel who have appeared in this case via CM/ECF.

*/s/ Daniel P. Hipskind*
Daniel P. Hipskind