IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| OPTIMORPHIX, INC., | § § | |
| Plaintiff, | § § | Civil Action No. 5-23-cv-00134 |
| v. | § § | **JURY TRIAL DEMANDED** |
| CA, INC., | § § § | |
| Defendant. | § | |

**DEFENDANT CA, INC.'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

I. THE FAC DOES NOT PROVIDE A PLAUSIBLE THEORY AS TO ANY PRE-SUIT KNOWLEDGE OF ANY ASSERTED PATENT BY CA ........................... 1

    A. OptiMorphix's Allegations Regarding the Purported "Well-Known" Nature of the Asserted Patents in the Industry Are Insufficient ......................... 1

    B. OptiMorphix's Allegation Regarding Foundry Networks, LLC's Pre-Suit Knowledge of the '314 Patent Is Insufficient .............................................. 3

    C. OptiMorphix's Allegations Regarding the Original Complaint Filed Against Broadcom Inc. Are Insufficient ............................................................. 4

II. OPTIMORPHIX'S CLAIMS OF PRE-SUIT WILLFUL INFRINGEMENT AND PRE-SUIT INDIRECT INFRINGEMENT SHOULD BE DISMISSED ............. 5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Dynamic Data Technologies v. Google LLC*,
  C.A. No. 19-1529-CFC, 2020 WL 1285852 (D. Del. Mar. 18, 2020)......................................3

*Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*,
  C.A. No. 14-1430-LPS-CJB, 2015 WL 5725768 (D. Del. Sept. 29, 2015)..........................2, 3

*HOYA Corp. v. Alcon Inc.*,
  No. 3:20-CV-03629-M, 2021 WL 4476739 (N.D. Tex. Sept. 30, 2021) .................................5

*Investpic, LLC v. FactSet Research Systems, Inc.*,
  C.A. No. 10-1028-SLR, 2011 WL 4591078 (D. Del. Sept. 30, 2011) .....................................3

*Mobile Telecommunications Techs., LLC v. Blackberry Corp.*,
  No. 3:12-CV-1652-M, 2016 WL 1642927 (N.D. Tex. Apr. 26, 2016) ....................................4

*Network Sys. Tech., LLC v. Tex. Instruments Inc.*,
  No. 2:22-CV-00482-RWS, Dkt. 95 (E.D. Tex. Sept. 25, 2023)............................................1, 4

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
  No. 2:16-CV-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ................................4

*Soverain IP, LLC v. Microsoft Corp.*,
  No. 2:17-CV-00204-RWS-RSP, 2018 WL 1465792 (E.D. Tex. Mar. 26, 2018)..................1, 2

*ZitoVault, LLC v. Int'l Bus. Machines Corp.*,
  No. 3:16-CV-0962-M, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018).....................................4

Pursuant to Local Rule CV-7, Defendant CA, Inc. ("CA") hereby submits the following Reply Brief with respect to Plaintiff OptiMorphix, Inc.'s ("OptiMorphix") Opposition (Dkt. 33, "Opposition")) to CA's Motion to Dismiss (Dkt. 29, "Motion to Dismiss"):

I. **THE FAC DOES NOT PROVIDE A PLAUSIBLE THEORY AS TO ANY PRE-SUIT KNOWLEDGE OF ANY ASSERTED PATENT BY CA**

In its Motion to Dismiss, CA demonstrated that OptiMorphix's FAC does not sufficiently allege pre-suit knowledge by CA of any Asserted Patent because OptiMorphix's allegations regarding any such purported knowledge are, in fact, based on the alleged knowledge of *others* in the industry—not CA. As held by Your Honor in *Network Sys. Tech., LLC v. Tex. Instruments Inc.*, No. 2:22-CV-00482-RWS, Dkt. 95 (E.D. Tex. Sept. 25, 2023), such allegations do not provide a plausible theory of *CA's* pre-suit knowledge of the Asserted Patents. Dkt. 29 at 7–13; *see* Dkt. 29-2 at 6–9. OptiMorphix's Opposition fails to acknowledge Your Honor's decision in *Network Sys. Tech.*—let alone distinguish it. For this and other reasons, OptiMorphix's Opposition fails and OptiMorphix's claims should be dismissed.

    A. **OptiMorphix's Allegations Regarding the Purported "Well-Known" Nature of the Asserted Patents in the Industry Are Insufficient**

As discussed in CA's Motion to Dismiss—and as expressly previously held by Your Honor in *Network Sys. Tech.*—OptiMorphix's allegations regarding the purported "well-known" nature of each Asserted Patent "within the industry" (based on citations by *third parties*) "fail[] to plausibly plead pre-suit knowledge of the Asserted Patents" by CA in particular. Dkt. 29 at 8–9 (citing *Network Sys. Tech.*); *see* Dkt. 29-2 at 6–9. Critically, OptiMorphix's Opposition fails to acknowledge Your Honor's decision in *Network Sys. Tech.*—let alone distinguish it.

At most, OptiMorphix's Opposition simply suggests this Court's earlier decision in *Soverain IP, LLC v. Microsoft Corp.* as well as two decisions from the District of Delaware

- 1 -

demonstrate that OptiMorphix's allegations regarding the purported "well-known" nature of each Asserted Patent "within the industry" do "sufficiently plead CA's pre-suit knowledge of the Asserted Patents." Dkt. 33 at 8–9. OptiMorphix is wrong, as the cases it cites are readily distinguishable. The courts' findings in those cases were based on the combination of multiple discrete allegations—the most critical of which are absent from OptiMorphix's FAC here.

In *Soverain IP*, this Court held the plaintiff's allegations "sufficient for the Court to reasonably infer [the defendant] knew of the asserted patents" because the allegations that "each patent is well-known in the industry by virtue of citations in patents and published applications" was combined with specific allegations that the defendant had cited the patents-in-suit "in eleven of its own patent applications." No. 2:17-CV-00204-RWS-RSP, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018). Similarly, in *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, the plaintiff's allegation that the asserted patent "was well known in the semiconductor industry" was combined with allegations that (i) "inventor of the patent-in-suit[] made a presentation to Defendants on Elm's 3DS technology and sent Defendants a copy of … the parent patent to the [patent-in-suit]" and (ii) "Defendants cited to four Elm 3DS patents"—including the parent patent to the patent-in-suit—"in prosecuting a number of Defendants' own patents." C.A. No. 14-1430-LPS-CJB, 2015 WL 5725768, at *1 (D. Del. Sept. 29, 2015).

In contrast, OptiMorphix's FAC here is devoid of any allegations regarding any pre-suit presentations or other pre-suit notice to CA of any Asserted Patent. OptiMorphix's FAC is also devoid of allegations regarding the citation of any Asserted Patent or related patent in any of *CA's* own patents. *See* Dkt. 29 at 10–11. Thus, the primary allegations that permitted the *Soverain IP* and *Elm 3DS* courts to infer that the defendants there had pre-suit knowledge of the patent(s)-in-suit are absent here. Rather, OptiMorphix's FAC contains only bare allegations that

the Asserted Patents are "well-known within the industry" and have been cited in "patents and patent applications" assigned to *third parties* (*e.g.*, Dkt. 23, ¶¶ 71, 99, 122, 149, 175)— allegations that, standing alone, even the *Elm 3DS* court considered "not [] sufficient" to plead pre-suit knowledge. *Elm 3DS*, 2015 WL 5725768, at *3.[1]

### B. OptiMorphix's Allegation Regarding Foundry Networks, LLC's Pre-Suit Knowledge of the '314 Patent Is Insufficient

OptiMorphix openly acknowledges that its allegation regarding CA's alleged pre-suit knowledge of the '314 Patent is based on the knowledge of *another*: Foundry Networks, LLC. Dkt. 33 at 10; *see* Dkt. 29 at 10–11. OptiMorphix contends, however, that its allegation regarding Foundry Networks, LLC "plausibly allege[s] CA's earlier pre-suit knowledge of the '314 Patent" because "Foundry Networks, LLC was acquired by Brocade Communications Systems, … [which] was, in turn, acquired by Broadcom Limited, which is now known as Broadcom Inc.," which subsequently acquired CA. Dkt. 33 at 10. OptiMorphix is wrong. OptiMorphix cannot impute knowledge of the '314 Patent across *three different corporate acquisitions* spaced over more than a decade. Indeed, "[k]nowledge of a patent by a parent corporation is not necessarily imputed to its subsidiary"—especially here, where OptiMorphix has failed to plead anything "more than just the bare facts of the parent/subsidiary relationship" between Broadcom Inc. and

---

[1] OptiMorphix's reliance on the out-of-District *Investpic* decision is also unpersuasive. In that decision, the court found plaintiff's allegation that the patent-in-suit was "well-known in the industry" was sufficient because, in the court's opinion, "if a patent is 'publicly' known, one can infer … that an individual defendant had knowledge of it." *Investpic, LLC v. FactSet Research Systems, Inc.*, C.A. No. 10-1028-SLR, 2011 WL 4591078, at *2 (D. Del. Sept. 30, 2011). Later decisions have shown that *Investpic* is not the correct standard, as other courts in that same District have recently found allegations regarding the "well-known" nature of a patent-in-suit *insufficient* to plead a specific defendant's pre-suit knowledge of the patent-in-suit. *E.g.*, *Dynamic Data Technologies v. Google LLC*, C.A. No. 19-1529-CFC, 2020 WL 1285852, at *2 (D. Del. Mar. 18, 2020); *see* Dkt. 29 at 9 (summarizing *Dynamic Data*).

CA (as well as Brocade Communications and Foundry Networks). *ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018).

The cases cited by OptiMorphix are off point. In *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, the court held that pre-suit knowledge of the asserted patent by two defendants could be attributed to a third defendant under plaintiff's "joint enterprise theory of infringement." No. 2:16-CV-1032-JRG, 2017 WL 8727249, at *5–6 (E.D. Tex. Sept. 22, 2017). OptiMorphix's FAC is devoid of any such theory. *See* Dkt. 23. The court in *Mobile Telecommunications Techs., LLC v. Blackberry Corp.* found dismissal "inappropriate" because the defendant there "ha[d] not identified any authority that the specific facts establishing that knowledge may be imputed [from a parent to a subsidiary] must be alleged in order to avoid dismissal at the pleading stage." No. 3:12-CV-1652-M, 2016 WL 1642927, at *2 (N.D. Tex. Apr. 26, 2016). CA has provided such authority here (*see* Dkt. 29 at 8, 11), which OptiMorphix's Opposition fails to address.

### C. OptiMorphix's Allegations Regarding the Original Complaint Filed Against Broadcom Inc. Are Insufficient

OptiMorphix's allegations regarding CA's knowledge of the Asserted Patents based on the filing of the Original Complaint against Broadcom Inc. on November 20, 2023 (*see* Dkt. 33 at 6–8) also fails. These allegations necessarily fail to provide a plausible theory of CA's *pre-suit* knowledge of the Asserted Patents. Your Honor held in *Network Sys. Tech.* that a plaintiff's allegation that a defendant "had pre-suit knowledge" of the patents-at-issue based on "the filing of the complaint" does "not offer a plausible theory of [d]efendants' pre-suit knowledge." Dkt. 29-2 at 5. Moreover, as discussed above, alleged knowledge of the Asserted Patents by Broadcom Inc. via the Original Complaint "is not necessarily imputed to its subsidiary [CA]." *ZitoVault*, 2018 WL 2971131, at *3. It is likewise improper to impute knowledge of Broadcom Inc.'s outside counsel to CA, contrary to OptiMorphix's suggestion. *See* Dkt. 33 at 7.

OptiMorphix's reliance on *HOYA Corp. v. Alcon Inc.* is misplaced. There, the court held it could attribute the knowledge of a parent to its subsidiaries given that "in-house counsel … [that] worked for [the] various Alcon entities joined as Defendants" had knowledge of the asserted patents from his personal involvement in patent prosecution activities of the defendants. No. 3:20-CV-03629-M, 2021 WL 4476739, at *3 (N.D. Tex. Sept. 30, 2021). In contrast here, OptiMorphix fails to identify any *in-house* counsel (*i.e.*, employee) of either Broadcom Inc. or CA that had pre-suit knowledge of any Asserted Patent. And even if Broadcom Inc.'s *outside* counsel's knowledge of the Asserted Patents via the Original Complaint could be imputed to CA (it cannot), such knowledge fails to provide a plausible theory of any indirect or willful infringement by CA prior to November 20, 2023 (the filing of the Original Complaint). Dkt. 1.

## II. OPTIMORPHIX'S CLAIMS OF PRE-SUIT WILLFUL INFRINGEMENT AND PRE-SUIT INDIRECT INFRINGEMENT SHOULD BE DISMISSED

For the foregoing reasons, and those set forth in CA's Motion to Dismiss, CA requests that the Court dismiss OptiMorphix's claims of pre-suit willful infringement and pre-suit indirect infringement for failure to state a claim upon which relief may be granted, given OptiMorphix's FAC does not provide any plausible theory regarding pre-suit knowledge by CA of any of the Asserted Patents. And OptiMorphix should not be given any leave to *further* amend because OptiMorphix has already amended its complaint once—including in response to the same arguments advanced by CA in the present Motion to Dismiss (albeit as advanced by Broadcom Inc. previously, *see* Dkt. 13). *See Diaz v. United States*, No. 1:17-CV-0041-BL, 2017 WL 6033028, at *4 (N.D. Tex. Nov. 13, 2017) (dismissing action "without leave to amend" where "Plaintiff has already amended his complaint once" and the amended complaint "essentially duplicates his prior action" against another defendant), *report and recommendation adopted*, No. 1:17-CV-041-C-BL, 2017 WL 5992357 (N.D. Tex. Dec. 1, 2017).

DATED: March 27, 2024    Respectfully submitted,

**KILPATRICK, TOWNSEND & STOCKTON LLP**

*/s/   Kristopher L. Reed*
Kristopher L. Reed
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@ktslaw.com

Russell A. Korn
1100 Peachtree Street NE, Ste. 2800
Atlanta, GA, USA, 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
rkorn@ktslaw.com

Joshua H. Lee
1100 Peachtree Street NE, Ste. 2800
Atlanta, GA, USA, 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
jlee@ktslaw.com

Edward J. Mayle
1400 Wewatta St., Ste. 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
tmayle@kilpatricktownsen.com

*Counsel for Defendant CA, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 27, 2024.

*/s/ Kristopher L. Reed*